The Evansville and Crawfordsville R. R. Co. v. Smith.

Railroad.—*Killing Stock.—Fact Inferred from Evidence.—Supreme Court.—*
Where, in an action against a railroad company, under the statute, for killing stock, there is evidence, that, at the time of the killing, the defendant owned and operated the railroad upon which the stock was killed, the court trying the cause might reasonably infer therefrom, in the absence of evidence to the contrary, that the locomotive and cars which struck and killed the stock were the property of the defendant; and in such case the Supreme Court will not disturb a finding for the plaintiff merely for want of direct evidence of such ownership.

Same.— *Weight of Evidence.*—The Supreme Court will not disturb a finding on the mere weight of the evidence.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans*, for appellant.

*G. G. Reily* and *W. C. Johnson*, for appellee.

Howk, C. J.—In this case the appellee sued the appellant, before a justice of the peace of Knox county, to recover damages for the wounding and killing of a cow and bull owned by the appellee.

The complaint was in two paragraphs, in the first of which the appellee alleged, in substance, that, on the 18th day of December, 1876, his cow and bull, at a point in said county, entered upon the appellant's railroad, where the same was not securely fenced in, and the appellant then and there, by its locomotive and cars, ran against and upon said cow and bull, of the values, respectively, named in said paragraph, thereby wounding and killing the same, to the appellee's damage seventy dollars.

The second paragraph was substantially the same as the first paragraph of the complaint, except that the appellee, in said second paragraph, only sued to recover damages for the wounding and killing of his cow. On both paragraphs the appellee demanded judgment for one hundred dollars, and for other proper relief.

Before the justice, the appellee had judgment for seventy dollars, from which there was an appeal to the circuit court.

In this latter court, the cause was tried by the court, and a finding was made for the appellee, assessing his damages in the sum of seventy dollars; and the appellant's motion for a new trial having been overruled, and its exception entered to this ruling, the court rendered judgment on its finding.

The only error assigned by the appellant in this court is the decision of the circuit court in overruling its motion for a new trial. The causes for such new trial were, that the finding of the court was contrary to the evidence, and that it was not sustained by sufficient evidence. So that the only question for our decision, in this case, is this: Was there evidence introduced, on the trial of this cause, which tended to sustain the material averments of the complaint, and the finding of the court thereon? If there was, we think it is settled, by an almost innumerable number of our decisions, that this court will not, and ought not to, disturb the finding of the court below, as the trier of the facts. It was averred in the complaint, that the appellant was the owner of and operating a line of railroad in Knox county, and that, by its locomotive and cars, it ran upon and against the appellee's cow and bull, etc.

It is said by appellant's counsel, that these allegations are material, and we think they are material. *The Toledo, etc., R. W. Co.* v. *Weaver*, 34 Ind. 298.

There was evidence introduced on the trial, to the effect,

that the appellant owned and operated the railroad in question. There was no direct or positive evidence introduced to show that the appellant owned the locomotive and cars, with which it operated its line of railroad; but it seems to us, that the court trying the cause might have fairly and reasonably inferred and found, from the evidence adduced, in the absence of any evidence to the contrary, that the appellant operated its railroad with its own locomotive and cars. We think, therefore, that the evidence in the record tended to sustain the finding of the court, on the points in question; and in such case, as we have seen, we can not disturb the finding. *The Evansville, etc., R. R. Co.* v. *Snapp*, 61 Ind. 303.

In our opinion, the court did not err in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.