No. 10,321.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. HAGEN.

COSTS.— *Justice of the Peace.—Change of Venue.—Appeal.—Judgment.—Appearance.*—A defendant, sued before a justice of the peace, appeared and obtained a change of venue to another justice, who issued a summons for him, but he made default, and a judgment went against him. He appealed and reduced the judgment five dollars.

*Held*, that the costs of the summons issued by the justice to whom the change was taken should be taxed to the plaintiff, that writ being irregular.

*Held*, also, that the plaintiff was entitled to all other costs in the cause, inasmuch as the defendant did not appear at the trial before the justice.

From the Jasper Circuit Court.

*W. F. Stillwell*, for appellant.

*J. A. Batson* and *J. H. Wallace*, for appellee.

ZOLLARS, J.—This action was brought by appellee against appellant, to recover the value of cattle killed upon the line of its road by its engine and cars, at points where the road was not fenced as required by the act of 1863 and the amendments thereto. R. S. 1881, section 4025, *et seq.*

It was commenced before a justice of the peace in White county. On affidavit and motion by appellant, the venue was changed to a different township. Upon receiving the papers, the justice of the peace of the township to which the case was sent issued a summons for appellant, which was served more than ten days before the day set for hearing. On the day set for trial, appellant did not appear, and a default was taken, and judgment rendered against it for $133, and costs. From this judgment appellant appealed to the White Circuit Court. In that court it filed an affidavit and procured a change of venue to the Jasper Circuit Court, where the case was tried and a judgment was rendered in favor of appellee for $125, with costs, except the costs in the White and Jasper Circuit Courts, and the costs of the summons in the justice's

Louisville, New Albany and Chicago Railway Company v. Hagen.

court above mentioned, which, upon written motion of appellant, were adjudged against appellee. To this judgment for costs appellee objected and excepted. A motion for a new trial by appellant was overruled, and it excepted. This ruling is assigned for error in this court.

Appellee assigns for cross error the ruling of the court in rendering judgment against him for costs.

Counsel for appellant asks a reversal of the judgment in favor of appellee upon two grounds. The first is, that the court below erred in the admission of improper testimony. This question is not before us, for the reason that the record shows neither an objection nor exception.

The second ground is stated by counsel as follows:

"Appellee wholly failed to make the following necessary proof: 1st. That the stock alleged to have been killed was owned by appellee. 2d. That it was killed by the cars, locomotives, or other carriages of the defendant, or that the defendant was running, operating or conducting the road. 3d. That the stock of the appellee entered upon appellant's road at a place where the same was unfenced. 4th. There is no proof as to what county the stock was killed in."

It appears from positive statements of witnesses that the railroad extends through White county, and that, on the 10th day of October, 1879, appellant owned and operated the same. It is shown further that three steers were killed; one in October, 1879, and two in 1881, and that all were killed in White county. Two witnesses testified that they were acquainted with appellant's road, and where it is located, and saw two of the steers struck by a train on said road. One of the three was badly wounded, and the section men killed it. Another was found near the track, shortly after it was injured and killed, badly wounded and bruised. One of them was skinned by the section men and the hide sent to the section boss. Marks in the fresh gravel upon the track indicated the point where one of them had been struck by a train. It appears from the testimony of different witnesses, that the

wounding and killing occurred at points where the company was bound to fence, and that for a considerable distance each way from such points the road was not fenced. All of the witnesses for appellee spoke of the steers as being claimed and owned by appellee; the description given of each corresponds with that given by appellee in his testimony. One of them had appellee's brand upon it. Appellee in his testimony identified the steers, as described by other witnesses, and stated that they were his.

The evidence, to which we have briefly alluded, we think, entirely justified the verdict of the jury. It might be less certain and full, and yet sufficient, under the well settled rule that this court will not disturb the finding of the court or jury, if there be evidence clearly tending to support it. *French* v. *State, ex rel. Manifold,* 81 Ind. 151; *Tate* v. *Means,* 82 Ind. 355; *Hayden* v. *Cretcher,* 75 Ind. 108; *Evansville, etc., R. R. Co.* v. *Snapp,* 61 Ind. 303; *Evansville, etc., R. R. Co.* v. *Smith,* 65 Ind. 92.

The statute provides that the justice granting a change of venue shall transmit a certified transcript of his proceedings, and all papers in the case, to the justice to whom the venue may be changed, who shall proceed therein as if such suit had been originally instituted before him, as well as to changes of venue, as other incidents of the trial. R. S. 1881, sec. 1470.

A suit before a justice of the peace is instituted, when the process is delivered to the officer authorized to serve it. R. S. 1881, sec. 1450.

It is apparent from these sections, that the justice to whom a case may be sent on a change of venue, in a case like this, is not required to issue a summons to bring the defendant into court. In this case the defendant, appellant, was already in court.

In criminal cases, it is made the duty of the justice granting the change to fix a day for the trial before the justice to whom the case may be sent. In civil cases, the justice granting the change has no such power to fix the day of trial. It seems

to be the duty of the justice to whom the case may be sent to fix a day and proceed with the trial as though the case had been instituted before him. There is nothing in the statute requiring him to give notice of any kind to either party, of the day so fixed for trial. Of this the parties are bound to take notice. Especially may this be said of the party who procures the change to be made. In this case, as the justice to whom the case was sent was not required by law to issue a summons, the cost occasioned thereby must fall upon appellee, who is presumed to have procured it to be issued and served.

Upon what theory the court below gave judgment against appellee for all costs in the White and Jasper Circuit Courts we are not informed by the record nor by the brief of counsel for appellant.

The justices' act in relation to costs on appeal is as follows:

"Costs shall follow judgment in the circuit court, on appeals, with the following exceptions:

"*First.* If either party against whom judgment has been rendered appeal, and reduce the judgment against him five dollars or more, he shall recover his costs in the circuit court, when the appellant appeared before the justice." R. S. 1881, section 1505.

The judgment against appellant before the justice was reduced in the circuit court more than $5, and if there had been an appearance for it before the justice at the time of the trial, it would have been entitled to costs in the circuit court.

The record shows there was no such appearance before the justice. There was an appearance and a change of venue applied for and procured from the justice before whom the case was commenced, but no appearance at the trial, or otherwise, before the justice to whom the case was sent. The appearance and procuring a change of venue were not such an appearance as the statute requires to carry costs. The appearance required is an appearance before the justice rendering the judgment. If parties may fail to appear before the jus-

tice before whom the trial is had, and thus allow judgment to go without objection or contest as to amount, and on appeal recover costs by reducing the judgment $5, the purpose of the statute will be defeated. Such a practice would hazard rights and increase litigation, by encouraging appeals, two things the statute was, doubtless, intended to avoid.

That costs in the circuit court on appeal may be recovered only in cases where there has been an appearance before the justice, has been often decided by this court. *Beall* v. *Rowland,* 32 Ind. 368 ; *Millikin* v. *Osborne,* 12 Ind. 480 ; *Brown* v. *Duke,* 46 Ind. 343.

It follows from what we have said, that there is no error in the record for which we can reverse the judgment below in favor of appellee ; and that the court below erred in rendering judgment against appellee for the costs in the circuit courts of White and Jasper counties. As to those costs, the judgment is reversed, at the costs of appellant, and the cause remanded, with instructions to render judgment in favor of appellee for all costs except the costs occasioned by the summons issued by Burris, the justice of the peace before whom the cause was tried.