Filed March 16, 1892.

---

### No. 414.

## THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* CARSON.

INSTRUCTIONS TO JURY.—*Must be Considered Together.—Instructions Omitted from the Record.—Reversal of Judgment.*—Each particular instruction must be considered and construed in connection with all other instructions given. If an instruction given be absent from the record, and an instruction to which objection is made might, when taken in connection with other instructions, correct and applicable, be thereby so explained and qualified that the instructions, taken together, would correctly state the law of the case, the judgment will not be reversed because of such instruction to which objection is made.

---

The Lake Erie and Western Railroad Company *v.* Carson.

---

SAME.—*Incomplete Instruction.—When Cured.*—If an instruction is incomplete, and other instructions are given to the jury which fully cover the matters alleged to have been omitted, there is no available error.

RAILROAD.—*Personal Injuries.—Erroneous Instruction.—When Judgment not Reversed on Account of Answers to Interrogatories.*—In an action against a railroad company to recover for personal injuries to the plaintiff, caused through the alleged negligence of the defendant's servants, whereby a buggy, in which the plaintiff was travelling upon a highway across the defendant's railway track, was struck by a passing train of cars, etc., a judgment in favor of the plaintiff will not be reversed because an instruction, given to the jury relating to the flagman, did not state, by way of qualification, the duty of the plaintiff to look and listen for an approaching train, where the jury found specially, in answer to interrogatories, that at the time of the alleged injury, and as the plaintiff approached the crossing in question, she availed herself of every opportunity to look and listen for the approach of a train or engine or car.

SAME.—*Evidence.—Ownership of Car and Engine, etc.—When not Necessary to Prove.*—In such action, it having been proved that the injury was caused by an engine and car while being operated on a railroad track belonging to the defendant, and it being admitted by counsel for defendant, upon the trial, that the defendant was a corporation, and that at the time of the accident it owned and operated a line of railroad, upon which the injury complained of occurred, it was not necessary for the plaintiff to prove the ownership of the car which struck his horse, or of the engine which was pushing the car, or that the fireman and engineer were the employees or agents of the defendant.

From the Howard Circuit Court.

*W. E. Hackedorn, F. S. Foote* and *J. O'Brien,* for appellant.

*J. A. Swoveland, J. C. Blacklidge, W. E. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

BLACK, J.—This was an action to recover for personal injury to the appellee, caused through the alleged negligence of the appellant's servants, whereby a buggy, in which the appellee was travelling upon a highway across the appellant's railway track, was struck by a passing train of cars, and the appellee was thereby thrown violently to the ground.

A general verdict in favor of the appellee for eight hun-

dred dollars was rendered, and with it the jury returned answers to interrogatories.

The appellant's motion for judgment in its favor upon the answers to interrogatories, and its motion for a new trial, were overruled.

While it is claimed by counsel for the appellant in their brief that the answers to interrogatories are inconsistent with the general verdict, we do not find in the argument any attempt to point out such inconsistency, or to give any reason why it is supposed to exist.

The record contains four instructions given at the request of the appellee, and two given at the request of the appellant. Objections are urged to the second and third instructions given at the appellee's request.

These instructions were as follows :

" 2. When a railroad company has a flagman at a crossing, whose duty it is to warn travellers of danger upon the approach of trains, a traveller who is not warned of danger by such flagman may proceed to cross the track in the belief that it is free from danger, until he has notice to the contrary. The failure to give warning of danger in such case is equivalent to an affirmative statement that the track is clear, and that no danger is ahead.

" 3. The statute (section 4020, R. S. 1881) requires the engineer, or other person in charge of an engine, to ring the bell continuously when approaching close to the crossing of a pike or other public highway. If the defendant, at the time of the injury to the plaintiff, failed to obey this statute, such failure is negligence of itself. If the plaintiff was injured by reason of such neglect, she may recover, if her own negligence did not contribute to such injury. The negligence of the railroad company would not excuse the plaintiff in negligently driving into a known danger, or in negligently failing to look for danger which observation would have revealed, and which she ought to have anticipated."

The record shows that two instructions were given by the court, which are not in the record.

It is an established rule that each particular instruction must be considered and construed in connection with all other instructions given. If an instruction given be absent from the record, and an instruction to which objection is made might, when taken in connection with other instructions, correct and applicable, be thereby so explained and qualified that the instructions considered together would correctly state the law of the case, the judgment will not be reversed because of such instruction to which objection is made. *Marshall* v. *Lewark*, 117 Ind. 377.

It is contended that the second instruction, relating to the flagman, was defective for want of a statement of the duty of the traveller on the highway to exercise due care to avoid injury, especially to look and listen for an approaching train. Without regard to what might have been stated in the instructions omitted from the record, we find that, in the instructions given upon the request of the appellant, the court instructed the jury that the appellee could not recover if the evidence showed that any act of negligence on her part contributed to her injury; and it was stated to be the duty of a traveller approaching a known railroad crossing to exercise " both senses of sight and hearing to the fullest extent under the circumstance, at the time reasonably possible, to discover the approach of a train on such railroad." It was stated to the jury that the law did not leave it to the jury to say, in such cases, what is reasonable and ordinary care, but defines precisely the degree of care a traveller must take in crossing a railroad upon a highway; that he must listen attentively for any warning of approaching trains, and look attentively up and down the track; and that if the facts and circumstances of a particular case show that, by looking and listening, the traveller could have seen an approaching train, or, by listening attentively, he could have heard the train in time to escape injury, it would be presumed, if he was in-

jured by a collision with a train, either that he did not look or listen, or that if he did look or listen, he did not heed what he saw or heard, etc.   In many other forms, the duty of a traveller, and of the appellee, to look and listen was stated to the jury.

There is strong ground for supposing that the instructions, taken all together, would not be understood by the jury as stating that the appellee could, without fault, proceed across the railroad, relying solely upon the absence of warning from the flagman, but would be understood as placing upon her the duty, also, to look and listen for approaching trains.

The jury found specially, in answer to interrogatories, that at the time of the alleged injury, and as the appellee approached the crossing in question, she availed herself of every opportunity to look and listen for the approach of a train or engine or car; that she came to a halt about two hundred and sixty feet from the crossing where the injury occurred, and looked and listened cautiously until the collision occurred, and that she was in full possession of her sight and hearing.

In view of these findings we would not be warranted in reversing the judgment because the instruction relating to the flagman did not state, by way of qualification, the duty of the appellee to look and listen, if such qualification could not be said to have been made by the other instructions given at the request of the appellant.

We do not deem it necessary, under these circumstances, to discuss the legal questions involved in the second instruction.

The objection proposed by the appellant to the third instruction is, that it is " lame," in that it does not include the duty to listen, as well as the duty to look.   The instruction was not incorrect.   If it was incomplete, the appellant did not fail to avail itself of the opportunity to offer instructions which were given by the court, in which the requirement to exercise care proportional to the probable danger, and the duty to listen, as well as the duty to look, notwith-

standing the failure of the appellant to signal the approach of the train as required by statute, were sufficiently stated to the jury.

We are unable to disturb the result reached in the court below upon the evidence. If the evidence would not have supported a finding that the injury was occasioned by negligence of the flagman, it was sufficient to sustain a finding that it was caused, without any fault of the appellee, by the negligence of those in charge of the engine.

It is contended that there was a failure to prove that the appellant put in motion the force which caused the injury, because there was no evidence as to the ownership of the car which struck the appellee's horse, or of the engine which was pushing the car, or that the engineer or fireman were the employees or agents of the appellant.

The action was against the Lake Erie and Western Railroad Company. The injury was proved to have been caused by an engine and car while being operated upon a railroad track which was a part of the Lake Erie and Western Railroad. It was admitted by counsel for the appellant, upon the trial, that the appellant was a corporation, and that at the time of the accident in question it owned and operated a line of railroad upon which the injury complained of occurred.

There is no pretence that there was any evidence that the engine and car were not being operated by and for the appellant.

The jury were authorized to conclude and find that the appellant put in motion the force which caused the injury. See *Evansville, etc., R. R. Co.* v. *Snapp*, 61 Ind. 303; *Evansville, etc., R. R. Co.* v. *Smith*, 65 Ind. 92; *Louisville, etc., R. W. Co.* v. *Hagen*, 87 Ind. 30; *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158.

We do not find any available error in the record.

The judgment is affirmed.

Filed March 2, 1892.