S. A. ANDERSON V. DES MOINES STREET RAILWAY COMPANY, Appellant.

EVIDENCE. Held insufficient to show that a car on which plaintiff was injured belonged to the defendant.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, FEBRUARY 6, 1896.

ACTION at law to recover on account of personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Guernsey & Baily* for appellant.

*W. H. McHenry* for appellee.

ROBINSON, J.—On the twelfth day of September, 1891, the plaintiff was a passenger on a street car which was operated on Ingersoll avenue in Des Moines. At a point on the avenue known as "Hubbell Station," she alighted from the car, and fell on, or from the platform, receiving the injuries of which she complains. She alleges that the car was operated by the defendant; that, when the car stopped, she attempted to leave it, but it was started before she succeeded; and that thereby she was thrown on the platform and seriously injured. The answer contains a general denial and an averment to the effect that the injuries of which the plaintiff complains were caused by her own negligence. A settlement of her claim is also pleaded. The verdict and judgment were for the sum of two hundred dollars.

After the evidence was submitted the defendant asked the court to instruct the jury to return a verdict in its favor, on the ground that the evidence does not show that it owned or was operating the car from which the plaintiff stepped, or was thrown at the time of the accident, nor the track upon which it was operated, and that the evidence was insufficient to sustain a verdict for the plaintiff. The car in question was numbered two, marked on the outside, "Des Moines Rapid Transit Company." George B. Hippee testified, for the defendant, substantially as follows: The railway track on Ingersoll avenue was constructed by the Des Moines Rapid Transit Company, but at the time of the accident both the track and the car were owned and operated by the Des Moines Suburban Railway Company. That company owned an electric plant, and furnished the power to operate its own cars, and also cars on the railway system of the defendant, the Des Moines Street Railroad Company. These two companies were separate and distinct corporations. The defendant never owned nor operated the Ingersoll avenue railway line, nor did it operate the car in question. Hippee was manager of both companies, and carried on the business of the Suburban Railway Company by authority of its board of directors. That company had its own officers, and the earnings of its line were kept separate from the earnings of the defendant. There was an arrangement between the companies, however, under which the operating expenses of both were divided according to the number of cars operated. Thus, if the suburban company operated one-fourth as many cars during the month as were run by the defendant, the former paid one-fifth and the latter four-fifths of the operating expenses of the two systems for that time. The

earnings of the suburban company were devoted solely to its own use. It had given its own bonds, upon which it paid the interest, and it also paid its own debts. This testimony is not contradicted by any one.

To show that the defendant was responsible for the alleged negligence in question, the plaintiff relies upon the fact, that an agent of the defendant paid on her account, one dollar and fifty cents, and took from her a receipt, of which the following is a copy: "Des Moines, Iowa, September 12, 1891. Received of the Des Moines Street Railroad Company one dollar and fifty cents, in full for damages sustained by falling off of the Ingersoll avenue car about 7:30 A. M., September 12, 1891. S. A. Anderson. Witness: Frank Duncan." The settlement evidenced by that receipt was made by D. M. Finch, who was working for the defendant at the time it was given, and the amount paid was for repairing the glasses of the plaintiff, which were broken by her fall, and for a preparation to apply to her face to heal scratches of the skin, also caused by her fall. The plaintiff relies, further, on the fact that the conductor of the car in question did not know for what company he was working. But these facts are not sufficient to establish liability on the part of the defendant, as against the testimony given by Hippee. It is said the jury did not believe him, and were justified in rejecting his testimony as unworthy of belief. There was nothing in the character of his testimony, nor in other evidence shown by the record, to make what he said improbable, and the jury were not authorized to reject it arbitrarily. There is no admission in the receipt, which was drawn by Finch, that the defendant was liable for the accident. Any apparent acknowledgment of liability shown by the receipt, is explained by the fact that the expenses of the two companies were divided between them. The employment of the conductor was verbal; and, as the two companies were managed by one person, the ignorance of the conductor as to his employer is not entitled to much weight. Certainly it does not show that he was employed by the defendant.

After a careful examination of the entire record, we reach the conclusion that the plaintiff failed to show that the defendant was in any manner responsible for the injuries for which she seeks to recover. The instructions asked by the defendant, to which we have referred, should have been given, and for the error of the court in refusing them, its judgment is REVERSED.