HERNÁNDEZ, PLAINTIFF AND APPELLANT, v. PORTO RICO RAILWAY, LIGHT AND POWER COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2264.—Decided June 20, 1921.

OWNERSHIP—JUDICIAL NOTICE—RAILROAD.—The ownership of a line of electric street cars or of a railroad for passengers and freight is not a matter of which the courts may take judicial notice.

ID. — EVIDENCE — CORPORATION. — In order to prove that the electric car which caused the damage belonged to the defendant corporation it is not sufficient to produce a certificate of the Secretary of Porto Rico to the effect that the defendant is registered in his office as a corporation organized under the laws of Porto Rico.

The facts are stated in the opinion.

*Messrs. J. J. Ortiz Alibrán, V. M. Fernández* and *Angel Arroyo* for the appellant.

*Messrs. J. H. Brown* and *P. Amado Rivera* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Zoila Hernández brought an action in the District Court of San Juan, Section 1, against the Porto Rico Railway, Light & Power Company to recover a certain sum of money for damages sustained by her in a collision between two of the electric cars operated in the service of transporting passengers between San Juan and Río Piedras, alleging that the cars belong to the defendant and that the collision was due to the fault and negligence of its employees.

The defendant pleaded a general denial of all the facts alleged in the complaint and at the trial the plaintiff produced evidence with respect to the collision of the said elec-

tric cars and to the injuries suffered by her, but regarding the ownership and operation of the cars by the defendant she offered no other evidence than a certificate of the Secretary of Porto Rico to the effect that the defendant is registered in his office as a corporation organized under the Laws of Porto Rico.

When the plaintiff rested the defendant moved the court that in view of the evidence examined the complaint be dismissed, and the trial court so held on March 26, 1919, on the ground that there was no proof of the defendant's ownership of the cars, or that they were under its operation and control, or of the existence of damages, and on the same day judgment was entered dismissing the complaint with the costs against the plaintiff.

From that judgment the plaintiff took the present appeal and alleges as the first ground thereof that the trial court erred in holding that it was necessary to prove the ownership of the electric cars, this being a fact of general knowledge of which judicial notice should be taken.

Section 36 of our Law of Evidence establish eight cases wherein the courts shall take judicial notice of certain facts, but in none of them is it provided that they shall take judicial notice that an urban service of electric cars or a railroad line for passengers and freight belongs to a certain person, partnership or corporation, for although under subdivision 8 cited by the appellant within the provision that they shall take judicial notice of the geographical divisions and political history of the world there might be included the fact that within their jurisdictions there are railroad lines or electric car services, it is not broad enough to justify the holding that the court knows that they belong to a certain person or corporation and therefore that the owner of the electric cars operating between San Juan and Río Piedras is the Porto Rico Railway, Light & Power Company. On our

part we should not dare to hold as a historical fact of this community that the defendant is the owner of those cars.

Of the cases cited by the appellant those which seem to have some bearing on the question under consideration are *The Evansville and Crawfordsville R. R. Co.* v. *Smith* and *Snapp,* 65 Ind. 92, and 61 Ind. 303, respectively; but they do not support the appellant's contention, for in the former there was evidence that the defendant was the owner of the railroad and operated it and it was held that from this the court could infer that the engine and the cars which caused the damage were its property, in the absence of evidence to the contrary. In the latter the witnesses for both sides testified that the animals were killed by the defendant's train, and although there was no positive or direct evidence as to the defendant's ownership, it seems to have been assumed and accepted as a fact that the railroad belonged to the defendant who operated it. The cases of *Reinsenleiter* v. *United States Rys. Co.,* 134 S. W. 11, and *Anderson* v. *Des Moines St. R. Co.,* 66 N. W. 64, cited by the appellee, support our opinion.

In view of the conclusion at which we have arrived it is not now necessary to consider whether the court erred in holding that the car which caused the accident was operated by employees of the defendant or whether damages were shown.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.