Hernández, Demandante y Apelante, *v.* Porto Rico Railway, Light and Power Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2264.—Resuelto en junio 20, 1921.

Evidencia—Conocimiento Judicial de la Propiedad de un Servicio de Trenes.—La propiedad de un servicio urbano de carros eléctricos o una línea férrea de pasajeros y carga no es materia de conocimiento judicial.

Daños y Perjuicios—Propiedad de los Carros Causantes del Daño—Prueba Insuficiente.—Para probar que los carros eléctricos que ocasionaron los daños pertenecían a la corporación demandada, no es suficiente una certificación del Secretario de Puerto Rico creditiva de que ésta aparece registrada en sus records como una corporación organizada bajo las leyes de Puerto Rico.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sr. J. J. Ortíz Alibrán, V. M. Fernández* y *Angel Arroyo.*

Abogados de la apelada: *Sres. J. H. Brown* y *P. Amado Rivera.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Zoila Hernández demandó ante la Corte de Distrito de San Juan, Sección Primera, a Porto Rico Railway, Light & Power Company, para que le pague cierta cantidad de dinero como indemnización por los daños y perjuicios que sufrió en el choque de dos carros eléctricos de los que hacen el servicio de conducir pasajeros entre esta ciudad de San Juan y Río Piedras, que alega son propiedad de la demandada y que fué causado por la culpa y negligencia de sus empleados.

La demandada hizo una negación general de todos los hechos de la demanda y en el juicio la demandante presentó prueba con respecto al choque de dichos carros eléctricos y de las contusiones que por él sufrió, pero con respecto a la propiedad y manejo de tales carros por la demandada no presentó otra prueba sino una certificación del Secretario de Puerto Rico según la cual la demandada está registrada en sus libros como corporación organizada bajo las leyes de Puerto Rico.

Al terminar su prueba la demandante la demandada solicitó de la corte que con vista de la prueba que se había presentado declarase sin lugar la demanda y así lo resolvió la corte inferior el 26 de marzo de 1919 fundándose en que no se había probado la propiedad por la demandada de dichos carros, que estuvieran bajo su manejo y dirección ni la existencia de los daños, y el mismo día se registró sentencia declarando sin lugar la demanda con las costas a la demandante.

Contra esta sentencia interpuso la demandante este recurso de apelación en el que alega como primer motivo para sostenerlo que la corte inferior cometió error al estimar que era necesario probar la propiedad de los carros eléctricos, siendo un hecho de conocimiento general y por tanto de conocimiento judicial.

Nuestra Ley de Evidencia en su artículo 36 establece en

ocho apartados los casos en que los tribunales tomarán cono-
cimiento judicial de determinados hechos pero en ninguno
de ellos se dispone que han de tomar conocimiento judicial
de que el servicio de carros eléctricos urbano o una línea
férrea de pasajeros y carga pertenece a determinada per-
sona, sociedad o corporación, pues de acuerdo con el párrafo
8 citado por el apelante aún cuando dentro de la disposición
de que pueden tomar conocimiento judicial de las divisiones
geográficas o historia política del mundo puede quizás com-
prenderse que dentro de su jurisdicción existe determinada
vía férrea o servicio de carros eléctricos no tiene tanto al-
cance que podamos sostener que la corte sabe que pertene-
cen a determinada persona o corporación y por tanto que
la dueña de los carros eléctricos que existen entre San Juan
y Río Piedras es la corporación Porto Rico Railway,
Light & Power Company y no otra distinta. Por nuestra
parte no nos atrevemos a sostener como un hecho histórico
de esta comunidad que es la demandada la dueña de esos
carros.

De los casos citados por la apelante los que parecen tener
alguna relación con la cuestión que estamos considerando
son los de The Evansville and Crawfordsville contra Smith
y contra Snapp, 65 Ind. 92 y 61 Ind. 303, respectivamente,
pero los hemos examinado y no sostienen la contensión de
la apelante porque en el primero se presentó prueba de que
la demandada era dueña del ferrocarril y lo operaba y lo
que se declaró fué que de esto pudo deducir la corte que la
locomotora y los carros que causaron el daño eran de su
propiedad, en ausencia de prueba en contrario; y en el otro
caso los testigos de ambas partes declararon que los ani-
males fueron muertos por el ferrocarril de la demandada, y
aunque no hubo prueba positiva o directa sobre la propie-
dad por la demandada parece que fué asumido y aceptado
como un hecho que no necesitaba evidencia que el ferrocarril
era de la demandada y que lo operaba. Los casos de *Rei-*

*senleiter* v. *United States Railways Company,* 134 S. W. 11, y de *Anderson* v. *Des Moines St. R. Co.,* 66 N. W. 64 citados por el apelado sostienen nuestra opinión.

En vista de la conclusión a que llegamos no es necesario considerar ahora si la corte erró al estimar que el carro que causó el accidente iba manejado por empleados de la demandada ni si probó la existencia de daños y perjuicios.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.