GUISEPPE NALLI, as Administrator of the Estate of SILVESTER NALLI, Deceased, Appellant, *v.* JOHN PETERS, Respondent, Impleaded with Another.

**Negligence — motor vehicles — liability for acts of another not dependent upon strict relationship of master and servant — owner of automobile liable for negligence of driver, not in his employ, if car at time of accident was being driven on owner's business at his request.**

1. Liability for the acts of another is not dependent upon the strict relationship of master and servant, but upon relationship of similar nature, where one acts for another, at his request, express or implied, for his benefit, and under his direction. Under such circumstances, the negligence of the agent is the negligence of the master or the principal.

2. Where, in an action to recover for the accidental killing of a passenger in an automobile, there is evidence to show that the accident

was due to the negligence of the driver, who, although not in the employ of the owner, was driving the car at his request for the purpose of taking decedent and others on a pleasure trip, a dismissal of the complaint as to the owner is error. The jury might find or reasonably infer that at the time of the accident the driver was engaged on the owner's business or undertaking, in which event the owner would be liable, and whether or not he was to receive pay would merely be evidence bearing upon the question.

*Nalli* v. *Peters*, 213 App. Div. 735, modified.

(Argued October 16, 1925; decided October 27, 1925.)

APPEAL from a judgment, entered July 10, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff and directing a dismissal of the complaint as to the defendant, respondent.

*Walter A. Fullerton* for appellant. Defendant Peters was responsible for Mondrone's acts. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Orlando* v. *Pioneer B. T. Supply Co.*, 239 N. Y. 342, 343; *Gulliver* v. *Blauvelt*, 14 App. Div. 523; *McCann* v. *Davison*, 145 App. Div. 522; *Cowell* v. *Saperston*, 149 App. Div. 373, 377; 208 N. Y. 619; *McHarg* v. *Adt*, 163 App. Div. 782; 221 N. Y. 510; *McCrossen* v. *Moorhead*, 202 App. Div. 560; *Bolton* v. *Madsen*, 205 App. Div. 180; *Wilmes* v. *Fournier*, 111 Misc. Rep. 9; 194 App. Div. 950; *Lowell* v. *Williams*, 183 App. Div. 701; 228 N. Y. 592.)

*Arthur S. Golden* and *Robert H. Woody* for respondent. The acts or omissions of Mondrone were not the acts and omissions of Peters unless Mondrone was a servant and Peters was his master. Peters had no personal interest in the trip, nor had he any control over the operation of the car. He did not accompany the party, nor were the members of the party on any business or errand for him. (*Wylie* v. *Palmer*, 137 N. Y. 257; *Thorpe* v. *N. Y. C. R. R. Co.*, 76 N. Y. 406; *Dwinelle* v. *N. Y. C. R. R. Co.*, 120 N. Y. 117.)

1925.]                Opinion, per CRANE, J.              [241 N. Y. 177]

CRANE, J.    Defendant John R. Peters lived at Rotterdam Junction, where he kept a store.    He was the owner of a Hudson car.    Silvester Nalli lived with the defendant.    Nalli had a brother who lived in Amsterdam.    The week before November 11, 1923, Peters had promised Nalli and his brother to take them for a ride in his car to St. Johnsville — an outing for Armistice Day.    As the time approached, Peters discovered that he could not go on account of his wife's illness, and he thereupon asked Antonio Mondrone to take his place, and to drive these people to St. Johnsville in his, Peters', car.    Mondrone lived at Rotterdam Junction, was a laborer working in the roundhouse for the railroad company.    He was also a licensed chauffeur, and on other occasions, at Peters' request, had driven his car for him.

On the trip the car was overturned, and Silvester Nalli killed.    There was evidence to show that the accident was due to Mondrone's negligence.

The judgment entered on the verdict of the jury in favor of the administrator of Nalli's estate, and against Peters and Mondrone, was reversed by the Appellate Division.    A new trial was granted to Mondrone, but the complaint dismissed as to Peters.

If Mondrone were driving Peters' car at his request, on his, Peters', business, or enterprise, acting in this particular as his servant or agent, Peters would be liable for his negligence.    Whether or not he was to receive pay would merely be evidence bearing upon the question. Peters might be liable even though Mondrone was to receive no compensation.    (*Althorf* v. *Wolfe*, 22 N. Y. 355; *Wyllie* v. *Palmer*, 137 N. Y. 248.)    We think that there was evidence in this case from which the jury might find, or reasonably infer, that Mondrone was driving for the defendant, at his request, and for his benefit; that at the time of the accident he was engaged on the defendant's business, or undertaking.    Even one acting under such circumstances as a volunteer, might render

the owner of the car liable.    (See *Althorf* v. *Wolfe, supra.*)
The liability for the acts of another is not dependent
upon the strict relationship of master and servant, but
upon relationship of similar nature, where one acts for
another, at his request, express or implied, for his benefit,
and under his direction.    Under such circumstances, the
negligence of the agent is the negligence of the master
or the principal.    (*Lowell* v. *Williams*, 183 App. Div. 701;
affd., 228 N. Y. 592; *Orlando* v. *Pioneer Barber Towel
Supply Co.*, 239 N. Y. 342; *Ferris* v. *Sterling*, 214
N. Y. 249.)

The judgment of reversal must be modified in so far
as it dismisses the complaint against John Peters; and
a new trial granted, with costs to abide event.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN,
ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.