## HARPER v. PUCKETT.

[No. 18,229.   Filed May 26, 1952.   Rehearing  denied
June 20, 1952.]

*James D. Lopp,* of Evansville, for appellant.

*Nat H. Youngblood, Herman L. McCray, J. William Davidson, Howard C. Sandusky* and *Ruth E. Maier,* all of Evansville, for appellee.

CRUMPACKER, J.—This appeal is concerned solely with the propriety of the court's action in sustaining the appellee's demurrer for want of facts to the appellant's complaint. Such being the question we assume as true its essential allegations to the following effect: On May 28, 1950, the appellant was driving a motorcycle, in a reasonably prudent and careful manner, through the intersection of Franklin and Third Avenues in the city of Evansville, Indiana, when he was struck and seriously injured by an automobile owned by the appellee but driven at the time and place by one Earl Fambrough at the appellee's "instance and request." The appellee was not in said automobile when the collision occurred and the same was due solely to Fambrough's negligence which was the proximate cause of the appellant's injuries.

The demurrer asserts that these facts do not constitute a cause of action against the appellee, who was the sole defendant below, because it does not appear that, when said accident occurred, Fambrough was the servant or agent of the appellee; that he was acting within the scope of his employment or agency or for the appellee's benefit or under his direction and control.

The appellant insists however the fact that Fambrough was driving the appellee's automobile, at the time and place, at his "instance and request" is sufficient to charge the appellee with responsibility for Fambrough's negligence.

There is respectable authority to the effect that, in cases of this kind, liability need not be predicated upon the relationship of master and servant or principal and agent, in the exact legal sense of those terms, but a relationship of a similar nature, where one acts for another, is sufficient if the tort feasor is acting at the time for the benefit and under the direction of the other. *Nalli* v. *Peters* (1925), 241 N. Y. 177, 149 N. E. 343; Shearman and Redfield on Negligence, Vol. 2, §249. See also *Wynegar* v. *State* (1901), 157 Ind. 577, 62 N. E. 38.

Guided by the above authority we concede the allegation that, at the time and place of the accident in question, Fambrough was driving the appellee's automobile at his "instance and request" shows a relationship which, under some circumstances, would render the appellee liable for Fambrough's negligence even though the exact legal relationship of master and servant or principal and agent did not exist between them. However such allegation standing alone, unsupplemented by a showing that Fambrough was then acting for the benefit of the appellee or under his direction and control, is not sufficient.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 116.