SAFECO INSURANCE COMPANY OF AMERICA d/b/a Safeco Insurance Companies, Wilma Drake and Donald Drake, as the surviving parents of Donald B. Drake, deceased, John D. Ream, John W. Ream, Kelly D. Kirk, Robert L. Kasarcik, Thomas Brill, and Colonial Penn Insurance Co., Defendants–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, William J. Lowe, Janice Lowe, and William P. Lowe, Plaintiffs–Appellees.

No. 64A03–8909–CV–381.

Court of Appeals of Indiana,
Third District.

June 21, 1990.

Joel C. Levy, Michael D. Martin, Singleton, Levy and Crist, Munster, for defendants-appellants.

Ronald P. Kuker, Mark E. Schmidtke, Hoeppner, Wagner & Evans, Valparaiso, for plaintiffs-appellees.

GARRARD, Judge.

On July 24, 1986 William P. Lowe, John D. Ream and Donald B. Drake were returning from a camping trip in an automobile owned by Ream's father. While Lowe was driving, the automobile collided with a truck driven by Kelly Kirk and owned by Thomas Brill. Drake died of injuries received in the collision. Multiple lawsuits ensued naming Lowe and the Reams as defendants. Lowe was insured by State Farm Mutual and Reams were insured by Safeco.

The operator's (Lowe's) insurer commenced this action for declaratory judgment seeking a determination that the owner's insurer was also liable to defend and respond in damages on behalf of the operator. (The owner's insurer has assumed the defense of the owners in their capacities as named defendants.) The owners' insurer denied liability on behalf of the operator and the duty to provide him a defense. Its basis for that denial was an endorsement to the policy in question which excluded bodily injury and property damage coverage for "any person under the age of twenty-five who is not a member of the named insured's family." Admittedly Lowe, the operator, was under twenty-five on the date of the collision.

On cross motions for summary judgment the trial court determined that the exclusion provided by the endorsement was in contravention of Indiana's compulsory insurance law and was contrary to public policy. Determining that the exclusion was therefore unenforceable, the court entered summary judgment in favor of the operator's insurer. This appeal followed.

The question presented is whether such an exclusion can be validly applied under Indiana law. Both sides agree that freedom of contract generally applies to agreements to insure but that if an agreement is contrary to the requirements of Indiana's

statutes governing insurance, then the statutory requirement will be applied.

While technically not a compulsory insurance state, *see, American Underwriters Group v. Williamson* (1986), Ind.App., 496 N.E.2d 807, Indiana does require proof of financial responsibility before a motor vehicle can be registered or licensed. IC 9–1–4–3.5. The purpose of the Act is to further "the policy of this state that persons who suffer loss due to the tragedy of automobile accidents shall have a source and means of recovery." 496 N.E.2d at 810. The Act fixes that responsibility as proof of ability to answer in damages for any registered vehicle in amounts of $25,000 per person and $50,000 per accident for personal injuries and $10,000 per accident for damages to personal property where such injuries or damage arise out of the ownership, maintenance or use of a motor vehicle. IC 9–2–1–15.

In reaching its decision the trial court relied upon an Oklahoma decision, *Young v. Mid–Continent Casualty Co.* (Okla. 1987), 743 P.2d 1084, which invalidated a nearly identical exclusionary clause as being contrary to the requirements of that state's compulsory insurance laws. State Farm argues that we should accept the *Young* rationale as persuasive here. We note, however, that the Oklahoma statute before the court in *Young* mandated "every owner of a motor vehicle [other than a licensed used vehicle dealer]" to maintain the required insurance. 743 P.2d 1085, quoting 47 O.S. 1981, § 7–601.

It is, of course, not our role to rewrite the laws enacted by the General Assembly, nor to vitiate otherwise valid private agreements merely because they do not expand to the fullest considerations of social policy that may have served to inspire certain legislation. In short, the question properly before us is whether the exclusion from coverage of persons under 25 who are not members of the named insured's household is either contrary to an express provision of the Indiana insurance statutes or is neces-

sarily inconsistent with the statutory scheme announced by the legislature. *See American Underwriters Group, supra.*

IC 27–1–13–7 applicable to casualty insurers requires that any policy issued to a motor vehicle owner shall contain a provision "insuring such owner" against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle by any person legally using or operating the same with permission. The statute does not expressly require, however, that a non-owner operator, himself or herself, be insured. Thus, by agreeing to defend the Reams and provide liability coverage should they be found liable, Safeco is in literal compliance with IC 27–1–13–7.

Turning to the Financial Responsibility Act, IC 9–2–1–1 *et seq.*, it is clear that Indiana's statutory scheme contemplates that the financial responsibility requirements of IC 9–2–1–15 may be met by either the owner or the non-owner operator of a motor vehicle. Thus, IC 9–2–1–18 recognizes three alternatives. Subsection (a) provides that when an owner has a policy that insures him while driving an owned automobile but does not insure him while driving someone else's auto, it shall be unlawful for him to drive a vehicle not owned by him and that restriction shall be noted on his operator's license. Subsection (b) provides that an owner described in (a) may be relieved of that restriction by securing an *operator's* policy of liability insurance. Even more significantly, subsection (c) provides that non-owner drivers may satisfy the requirements of the Act by purchasing operators' policies of liability insurance.[1]

Two things may be readily deduced from the Indiana scheme. First, the legislature did not intend to require that all owners' policies would necessarily provide protection to any person operating a vehicle with the owner's consent. Had that been its intention the provisions for operators' policies would have been superfluous. Second-

---

**1.** IC 9–2–1–20 defines a "motor vehicle liability policy" to mean *either* an owner's policy or an operator's policy.

ly, the statute, through its recognition of alternative forms of compliance and its definition of financial responsibility, attempts to assure no more than the availability of the amount required by IC 9–2–1–15.[2] (That amount was available in the present case through the operator's own policy with State Farm.)

Since the Indiana statutes neither expressly prohibit nor are necessarily incompatible with the exclusion here in issue, it follows that the exclusion is not void as being contrary to law.

The summary judgment is therefore reversed and the case is remanded for further proceedings consistent herewith.

HOFFMAN, P.J. and STATON, J., concur.

the owner's policy will be considered primary if the other conditions stated in the statute are met.

---

2. This approach does not conflict with IC 27–8–9–7 which merely requires that when both the person driving with permission and the owner of the vehicle have policies providing coverage,