**AUTO–OWNERS INSURANCE COMPANY, Appellant (Plaintiff Below),**

v.

**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, Virgil Matheis, Edwin Pieper, Anthony Denu, Jr., Marie Denu, Dubois County Board of Commissioners, American Consulting Engineers, Inc. and Vernon Seng, Appellees (Defendants Below).**

**No. 19A019002CV86.**

Court of Appeals of Indiana, First District.

Oct. 9, 1990.

Richard T. Mullineaux, New Albany, for appellant.

James W. Riley, Jr., Laura S. Reed, Riley Bennett & Egloff, Indianapolis, for appellees.

ROBERTSON, Judge.

Auto–Owners Insurance Company (Auto–Owners) brought this action for declaratory judgment against the United Farm Bureau Mutual Insurance Company (Farm Bureau) and others requesting the court to determine that the policy limit of a certain Farm Bureau automobile liability insurance policy is higher than Farm Bureau asserts for a certain automobile accident for which Farm Bureau is responsible as the primary insurer and Auto–Owners is responsible for amounts exceeding Farm Bureau's policy limits. Farm Bureau's named insured, Virgil Matheis, is the owner of the automobile involved in the accident. Auto–Owners's insured, Vernon Seng, was the driver/permitted user. In such a permitted user situation, IND.CODE 27–8–9–7 requires that Farm Bureau's coverage—as the insurer of the owner—be exhausted before Auto–Owners's coverage may be tapped into. Auto–Owners appeals the trial court's decision which denied its Motion For Summary Judgment and granted Farm Bureau's Motion For Summary Judgment.

Auto–Owners raises five issues which we have consolidated and restated as three issues, none of which raise reversible error.

The largely undisputed facts in the light most favorable to Auto–Owners indicate that on July 3, 1985, a car owned by Virgil Matheis but driven by Vernon Seng collided with a car owned and operated by Donis A. Pauw. Matheis and some other passengers were riding in the car with Matheis at the time of the accident. Before the accident, Seng, Matheis, and these other passengers had been drinking together. Matheis requested Seng to do the driving, had the legal right to control the automobile, and received the benefit of transportation by riding with Seng. Seng was intoxicated at the time of the accident with a blood alcohol content of over .10%. He was charged with and convicted of driving while intoxicated and failure to yield the right of way for the driving that resulted in the accident.

Matheis was the named insured under a policy of insurance issued by Farm Bureau covering Matheis's car. The Farm Bureau policy provided 100/300 ($100,000.00 per person and $300,000.00 per occurrence) of coverage for Matheis as the named in-

sured. The policy also insured Seng as a permissive user of the car but limited this coverage to 25/50 ($25,000.00 per person and $50,000.00 per occurrence) the minimum requirements of under Indiana's Financial Responsibility Law, I.C. 9–2–1–15. Seng was the named insured under a policy of insurance issued by Auto–Owners with policy limits of 100/300 ($100,000.00 per person and $300,000.00 per occurrence). It is undisputed that I.C. 27–8–9–7 requires that Farm Bureau's coverage, as the insurer of the owner of a car involved in an accident driven by a permitted user, be exhausted before resort to Auto–Owners' coverage.

Multiple lawsuits and other claims have arisen out of the accident. However, no suit against Matheis for his part in the accident has been filed and the applicable statute of limitations for doing so has expired.

Farm Bureau settled a claim of Donis A. Pauw on Seng's behalf for $18,000.00. Therefore, Farm Bureau asserts—and the court has entered summary declaratory judgment to the effect—that the limit of Farm Bureau's remaining liability under its policy is $32,000.00 ($50,000.00—$18,000.00).

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marsym Development Corp. v. Winchester Economic Development Com'n* (1983), Ind. App., 447 N.E.2d 1138, 39 A.L.R. 4th 1087, *trans. denied.* Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Peterson v. Culver Educational Foundation* (1980), Ind. App., 402 N.E.2d 448. For purposes of determining if summary judgment is appropriate, a fact is said to be material if its existence facilitates the resolution of any of the issues involved. *Anderson v. State Farm Mutual Automobile Insurance Co.* (1984), Ind.App., 471 N.E.2d 1170.

I.

■ Auto–Owners's first issue is: Whether the policy limits applicable to Farm Bureau's named insured, Virgil Matheis, are to be applied because Matheis himself would have been liable—had an action been brought against him—for the damages arising from the accident under the theories of agency or negligent entrustment?

Auto–Owners asserts the facts as outlined above indicate that Farm Bureau's named insured, Matheis, is liable for Seng's negligence under the theories of agency and negligent entrustment as a matter of law. (Citing *Jones v. Cary* (1941), 219 Ind. 268, 37 N.E.2d 944; *Jack Ward Chevrolet, Inc. v. Mikel* (1988), Ind.App., 525 N.E.2d 349; and *Harper v. Puckett* (1952), 122 Ind.App. 528, 106 N.E.2d 116.) Therefore, Auto–Owners reasons, Farm Bureau's higher policy limits applicable to Matheis should apply.

Farm Bureau concedes that the facts could possibly support the theory that Seng's negligence is attributable to Matheis. However, Farm Bureau argues that, because no claim has been made against Matheis for any liability he may have had for his part in the accident and the statute of limitations for bringing such an action has expired, the policy limits that would have been applicable to Matheis are irrelevant.

In *Harabedian v. Zurich Insurance Co.* (1963), 218 Cal.App.2d 702, 32 Cal.Rptr. 813, a father permitted his son to drive his car. The son was involved in an accident. Both the father and son were named as defendants in a lawsuit. The father was sued under the theory of negligent entrustment. The son was sued for the negligent operation of the car. The father's insurance policy contained a special limitation which lowered the policy limits for the son. The insurance company argued that because the son caused the accident, its liability was limited to the son's coverage limits. The court held that the company owed a

separate obligation to defend and provide coverage for each of its insured and the father's higher limits were not affected by the son's lower limits.

We are impressed with the logic of *Harabedian, id.* and conclude that the obligation of Farm Bureau to defend and provide coverage for each of its insured under a particular policy of insurance is independent. Auto–Owners has never disputed that the policy in question validly provided lower coverage for Seng as the permitted user than it did for Matheis as the owner. Therefore, because Farm Bureau's policy limits applicable to each of its insured are independent, it is not required to apply Matheis's higher limit to claims made against Seng. We find no error.

## II.

■ The next issue is:

Whether I.C. 27–8–9–7 which requires that the insurance of the owner of a car involved in an accident driven by a permitted user be primary and applied before any insurance of the permitted user is utilized requires that Farm Bureau's policy limits applicable to its named insured/owner be applied instead of that policies's limits for a permitted driver?

I.C. 27–8–9–7 reads as follows:

In any case arising from a permittee's use of a motor vehicle for which the owner of the vehicle has motor vehicle liability insurance coverage, the owner's policy, is considered primary if the vehicle, at the time damage occurred, was operated with the permission of the owner of the motor vehicle and the use was within the scope of the permission granted. The permittee may not recover under any other liability coverage available to him until the limit of all coverage provided by the owner's policy are first exhausted.

Auto–Owners focuses upon the language "all coverage provided by the owner's policy" to argue that because Matheis is liable for Seng's negligence under an agency or negligent entrustment theory, as discussed under Issue I above, Farm Bureau is responsible for providing all the coverage under the policy to the extent of Matheis's policy limit.

In the present case, it has never been disputed that "all coverage provided by the owner's policy" for Seng as the permitted user of Matheis's car is limited to $25,000.00 per person and $50,000.00 per occurrence. We do not believe that the above statute may be read to require Farm Bureau to be responsible for the higher limit which would have been applicable under its policy for a claim brought against the owner, Matheis, had such a claim been made. Farm Bureau is in the process of satisfying its obligations under the statute and its policy. As the primary insurer, it is defending and insuring Seng as the permitted user of Matheis's car to the extent of the policy limits applicable to Seng. It has already paid $18,000.00 in satisfaction of a claim against Seng and stands ready to provide an additional $32,000.00 of coverage if necessary. Therefore, we find no error.

## III.

Whether the court erred in failing to make the specific findings that Vernon Seng was the agent of Virgil Matheis and was driving the car at Matheis's request?

■ The trial court entered special findings of fact and conclusions of law when it rendered summary judgment in this case. Auto–Owners asserts the court erred because it failed to make the specific findings that Vernon Seng was the agent of Virgil Matheis and was driving the car at Matheis's request.

When the trial court disposes of all issues and claims in case by entering summary judgment, it is not obligated to make findings of fact and conclusions of law upon issues and claims upon which it grants summary judgment. *Richardson v. Citizens Gas & Coke Utility* (1981), Ind. App., 422 N.E.2d 704. In the present case, the trial court's entry of summary judgment disposes of all the issues involved in this action for declaratory judgment. Therefore, error cannot be predicated upon

the court's failure to make any particular finding or findings. We find no error.

Judgment affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result.