ALLSTATE INSURANCE COMPANY, Appellant (Defendant Below),

v.

UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, (Plaintiff Below); Frank D. Mouseette, Shannon Moussette, Rebecca S. Wells, Thomas Wells, Sentry Insurance Company, (Defendants Below), Appellees.

No. 83A04–9209–CV–310.

Court of Appeals of Indiana, Fourth District.

July 29, 1993.

Eugene O. Maley and Kimberly E. Howard, Smith, Maley & Douglas, Indianapolis, for appellant.

Myrl O. Wilkinson, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, for appellee.

MILLER, Judge.

United Farm Bureau Mutual Insurance Company (Farm Bureau) insured an automobile owned by Joseph Lubovich; the policy containing a clause that reduced the limit of liability for permissive users to the statutory minimum requirements of the financial responsibility statute (here $25,000).[1] A sixteen (16) year old permissive user of Lubovich's automobile, who was also fully insured under her father's policy with Allstate, struck another vehicle from the rear, causing personal injuries to the driver of the second vehicle and property damage to his vehicle. When a lawsuit ensued, Farm Bureau paid $5000 in medical bills to the injured driver and deposited $20,000 (the balance of its liability coverage) with the court in interpleader,[2] thus, exhausting its policy limits of liability for permissive users. Farm Bureau then filed a motion for discharge.

Allstate opposed Farm Bureau's motion for discharge claiming that this provision is invalid because it is: (1) inconsistent with the reasonable expectations of the named insured; (2) unconscionable; and (3) against public policy. Allstate argued that Farm Bureau's liability in this accident should be the policy limits for the name insured.[3] After a hearing, the trial court disagreed with Allstate and granted Farm Bureau's motion for discharge. Allstate—relying on a single California case[4]—claims the trial court erred.

We—relying on Indiana law—agree with the trial court and affirm.

## FACTS

On March 16, 1990, Joseph Lubovich gave his sixteen (16) year old sister-in-law Rebecca Wells permission to use his car, a '79 Plymouth. At about 10 p.m., she was northbound in the 200 block of South Main Street in Clinton. Rebecca was distracted by an advertisement for a video cassette and did not see that a car driven by Frank Moussette was stopped at the intersection ahead. She slammed into the rear of Frank's car. Frank required surgery and suffered permanent disability from his injuries.

Rebecca was insured under her father's (Thomas Wells) insurance policy with Allstate.[5] Frank and his wife sued Rebecca and her father. The cause expanded to include Lubovich. Farm Bureau retained counsel to defend Rebecca and made an advance payment of $5000 to Frank. Farm Bureau then deposited an additional $20,000 into the court incident to its Complaint in Interpleader, thereby exhausting its limits of liability for permissive users. Farm

---

1. Ind.Code 9–2–1–15 requires minimum liability coverage of $25,000 per person and $50,000 per occurrence (a/k/a "25/50" coverage). Ind. Code 9–2–1–20 defines a "motor vehicle liability policy" to mean *either* an *owner's* policy or an *operator's* policy.

2. Ind.Trial Rule 22.

3. Joseph Lubovich, the named insured, carried $100,000 per person and $300,000 per accident liability insurance (a/k/a "100/300" coverage).

4. *Jauregui v. Mid–Century Insurance Co.* (1991), 1 Cal.App.4th 1544, 3 Cal.Rptr.2d 21.

5. Frank Wells had signed the financial liability agreement that is part of the application for a learner permit.

Bureau moved the trial court to enter an order discharging it from any further obligation to defend or indemnify Rebecca. It based its motion on the following provision in its policy issued to Lubovich:

## SPECIAL LIMITATIONS ON LIMITS OF LIABILITY FOR COVERAGES A AND B

Regardless of the limits of liability shown in the **declarations** or elsewhere in this policy, the limits of **bodily injury** and **property damage** liability afforded by this policy to an **insured** other than:

1. **you**
2. **your** employees, including officers,
3. a resident of the same household of **you** or **your** employee, or
4. a person or organization liable for the acts or omissions of **you** or a resident of **your** household,

shall not exceed those amounts necessary to satisfy the minimum requirements of the financial responsibility law of the jurisdiction in which the **bodily injury or property damage** occurs.

As noted earlier, Allstate opposed Farm Bureau's motion claiming that the limited liability provision was invalid because it was: (1) inconsistent with the reasonable expectations of the named insured; (2) unconscionable; and (3) against public policy.

■ On appeal, Allstate also argues this provision is ambiguous. Allstate did not raise or argue the question of ambiguity at trial. It is well settled that a party may not argue on appeal an issue that was not presented to the trial court. *Franklin Bank and Trust Co. v. Mithoefer* (1990), Ind., 563 N.E.2d 551; *W & W Equipment Co., Inc. v. Mink* (1991), Ind.App., 568 N.E.2d 564, *reh'g denied, trans. denied.* Therefore, Allstate has waived this issue. We now address its other claims.

### DECISION

■ The rules of contract interpretation generally apply to insurance contracts. *Allstate Ins. Co. v. Boles* (1985), Ind., 481 N.E.2d 1096. Insurers are free to limit

coverage to meet their needs; however, all exceptions, limitations and exclusions must be plainly expressed. *Id.* If the exclusion or limitation is not clearly expressed, any doubts will be construed against the contract drafter. *American States Ins. Co. v. Adair Industries, Inc.* (1991), Ind.App., 576 N.E.2d 1272. In determining the amount due for loss under an insurance policy, the true meaning of the contract must be ascertained from all of its provisions, and not from the literal or technical construction of an isolated or special clause. *Meridian Mut. Ins. Co. v. Richie* (1989), Ind., 540 N.E.2d 27; *Commercial Union Assurance Co. Ltd. of London, England, v. Schumaker* (1918), 71 Ind. App. 526, 119 N.E. 532.

## I. VALIDITY OF THE LIMITING CLAUSE—AGAINST PUBLIC POLICY?

■ The thrust of Allstate's argument is that the limiting provision in Farm Bureau's policy is invalid. Allstate claims there are no Indiana cases which deal with this issue and thus, this is a case of first impression. It attempts to distinguish the instant case from *Auto–Owners Insurance Co. v. United Farm Bureau Mutual Insurance Co.* (1990), Ind.App., 560 N.E.2d 549, *trans. denied,* a declaratory judgment action brought under the authority and provisions of Ind.Trial Rule 57.[6]

Allstate concedes that the facts of *Auto–Owners* are very similar to the facts in the instant case—there was an insured primary driver and an insured permissive driver. The coverage for the primary insured was 100/300 and 25/50 for the permissive driver. Farm Bureau was the primary carrier and Auto–Owners' liability began where Farm Bureau's ended. The permissive driver had an accident from which numerous lawsuits and claims arose. *Auto–Owners* at 551. Farm Bureau settled one claim for $18,000 and the trial court then entered judgment in its favor stating its remaining liability was $32,000. Auto–Owners argued that the primary insured's coverage—

6. Ind.Trial Rule 57; Ind.Code 34-4-10-1 *et seq.*

$300,000—should apply, not the permissive driver coverage of $50,000 (which, of course, would save Auto–Owners' $250,000). The court, in affirming the trial court, found the "obligation of Farm Bureau to defend and provide coverage for each of its insured is independent. . . . Therefore, [Farm Bureau] . . . is not required to apply [the] higher limit to claims made against [the permissive driver]." *Id.* at 552.

Allstate argues that although the facts and insurance provisions are the same in *Auto–Owners* and this case, the issue is different. Allstate claims the validity of the insurance provision was not at issue in *Auto–Owners* quoting the court where it said:

> Auto–Owners has never disputed that the policy in question validly provided lower coverage for Seng as the permitted user than it did for Mathis as the owner. Therefore, because Farm Bureau's policy limits applicable to each of its insureds are independent, it is not required to apply Mathis's higher limit to claims made against Seng.

*Id.* Allstate concludes that although the *Auto–Owner's* court did enforce the provision, the court made it "clearly" known that it did so in light of "no challenge raised as to the provision's validity." Allstate's Brief at 10. By this statement, Allstate implies that this court would enforce an invalid contract, i.e., one against the public policy of Indiana. We find Allstate's implication to be without merit.

Other Indiana courts have addressed similar questions regarding limitation clauses in insurance policies. For example, in *Safeco Ins. Co. v. State Farm Mut.* (1990), Ind.App., 555 N.E.2d 523, *reh'g denied, trans. denied,* the court addressed the question of whether the exclusion of coverage for persons under the age of twenty-five (25)—who were not members of the named insured's household—was valid. Safeco, the insured's insurance carrier, assumed defense of the owners of the vehicle as named defendants, but denied liability for the operator of the vehicle because its

policy contained an endorsement which excluded coverage "for any person under the age of twenty-five who is not a member of the named insured's family." *Id.* The operator, who was insured by State Farm, was under twenty-five at the time of the accident.

State Farm made an argument similar to the one Allstate makes here, i.e., that the exclusion was against public policy and, therefore, unenforceable. The trial court agreed. This court reversed. After first noting that freedom of contract is generally applicable to insurance agreements, the court reviewed the fiscal responsibility statutes and said:

> It is, of course, not our role to rewrite the laws enacted by the General Assembly, nor to vitiate otherwise valid private agreements merely because they do not expand to the fullest considerations of social policy that may have served to inspire certain legislation. In short, the question properly before us is whether the exclusion . . . is either contrary to an express provision of the Indiana insurance statutes or is necessarily inconsistent with the statutory scheme announced by the legislature. (Citation omitted).

IC 27–1–13–7 . . . requires that any policy issued to a motor vehicle owner shall contain a provision "insuring such owner" against liability. . . . The statute does not expressly require, however, that a non-owner operator . . . be insured. . . .

[I]t is clear that Indiana's statutory scheme contemplates that the financial responsibility requirements of IC 9–2–1–15 may be met by either the owner or the non-owner of the vehicle. . . .

Two things may be readily deduced from the Indiana scheme. First, *the legislature did not intend to require that all owners' policies would necessarily provide protection to any person operating a vehicle with the owner's consent.* . . . Second, the statute . . . attempts to assure no more than the availability of the

amount required by IC 9–2–1–15 [25/50. *See* n. 1 *supra.*] (Emphasis added). *Id.* at 524–525.

Our supreme court has also found that "household exclusion"[7] clauses comport with Indiana public policy. *See,* e.g., *Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265, 1269. We also note that an owner of an automobile in Indiana is not required to carry liability insurance for permittees. *See Safeco, supra* at 524. Reading *Auto–Owners, Safeco* and *Transamerica* together, it is clear to us that if limiting clauses in insurance policies that exclude a class of drivers or parties—those younger than age twenty-five or certain relatives of the insured—are not against public policy, then logically a provision that limits an insurer's liability to the statutory minimum for a different class of drivers (permissive drivers) cannot be against public policy. Therefore, it seems to us that a provision that provides for 25/50 coverage for such drivers can hardly be said to be against public policy.

We find that Indiana law is clear and compelling and thus, there is no need to refer to an intermediate appellate court decision from California.[8] We also note that the purpose behind Indiana's fiscal responsibility statutes is to provide protection against liability for damages for death or injury to persons or property resulting from negligence in the operation of motor vehicles—not to protect insurance companies from liability. Here, the non-mandatory coverage provided by Farm Mutual's policy saved Allstate $25,000. Allstate's claim that it is entitled to more is without merit. The trial court did not err by discharging Farm Mutual from any further liability.

## II. AGAINST THE REASONABLE EXPECTATIONS OF THE NAMED INSURED OR UNCONSCIONABLE?

■ Allstate also argues that the clause limiting Farm Bureau's liability for permissive users of Farm Bureau's insured's vehicle is "inconsistent with the reasonable expectations of the named insured." Allstate's Brief at 5. Allstate then cites numerous cases dealing with this issue, all the while ignoring a basic premise—all of the cases cited by Allstate are disputes between the *named insured* and their insurance companies.

At the hearing on Farm Bureau's Motion for Discharge and in its briefs to this court, Allstate has provided extensive legal argument and opinions of counsel. However, the Record is totally devoid of any *evidence* to support Allstate's claim that the *named insured,* Joseph Lubovich, did not get the benefit of *his* bargain with Farm Bureau. There is no claim that Allstate is Joseph Lubovich's agent or representative. In apparent recognition of this problem, in its Reply Brief, Allstate argues: "[T]here need not be any evidence in the record as to Mr. Lubovich's personal understanding of this provision. The Court, as a matter of law, can determine the understanding of a reasonable insured...." Reply Brief at 15–16. Allstate offers no authority for this statement. In the absence of supporting evidence and authority, we find this claim waived. Ind.Appellate Rule 8.3(A)(7).

■ Our reasoning also applies to Allstate's claim that this provision is "procedurally unconscionable." Allstate argues this clause has all the factors of an unconscionable contract clause—i.e., level of bar-

---

7. A "household exclusion" clause or provision excludes liability coverage for any injury to persons related by blood, marriage or adoption to the insured. *Transamerica Insurance Co. v. Henry* (1990), Ind., 563 N.E.2d 1265, 1269; *Allstate Ins. Co. v. Boles* (1985), Ind., 481 N.E.2d 1096.

8. *Jauregui* (*See* n. 4 *supra*) is a intermediate appellate court case dealing with the same provision as the instant case, that is, a provision limiting liability for permittees to the limits of the California financial responsibility law. The *Jauregui* court, by a vote of 2–1, found that under California law, such a provision defeated the reasonable expectations of the insured unless it was: (1) conspicuously placed in the insurance policy; and (2) was written in plain and clear language. However, in *Mid–Century Insurance Co. v. Haynes* (1990), 218 Cal.App.3d 737, 267 Cal.Rptr. 248, another court by an unanimous vote found a similarly worded provision plain and clear and thus, valid. We note that: (1), both cases were between an insured and his insurance company; and (2) California, unlike Indiana, *requires* coverage for permittee drivers.

gaining power between the parties, whether the contract was pre-printed or negotiable, the placement of the "unusual" clause in the contract—and concludes that "a provision of this magnitude should have been placed on the declaration page."[9] Allstate's Brief at 15. As above, Allstate failed to provide us or the trial court with any evidence from the insured—the party to the contract who has the right to make these claims—in support of its conclusions. Allstate merely states that we do not need such evidence. It again provides no authority for this statement. As above, we find Allstate has thereby waived this issue. *Id.*

We find no merit in any of Allstate's claims. The decision of the trial court is affirmed.

CHEZEM and SHIELDS, JJ., concur.

---

9. However, Allstate did not supply either us or the trial court with a copy of an Allstate policy as a model.