Filed Nov. 2, 1893.

———————◆———————

No. 16,813.

THE RHODES BURFORD FURNITURE COMPANY v. MATTOX ET AL.

JUSTICE OF THE PEACE.—*Judgment.*—*Collateral Attack.*—*Injunction.*—*Trial by Jury of Twelve Instead of Six.*—A judgment of a justice of the peace is not subject to collateral attack, by way of injunction, on the ground that the justice tried the case by a jury of twelve, instead of six. Such error or irregularity did not render the judgment void, and, hence, could not be collaterally attacked.

SAME.—*Exception to Ruling of No Avail.*—*Appeal.*—*Trial de Novo.*—An exception before a justice of the peace is of no avail, because on appeal the whole case is tried *de novo*, and final judgment rendered in the appellate tribunal without any regard to any error committed upon the trial before the justice.

Opinion on petition for a rehearing by McCABE, J.

From the Floyd Circuit Court.

*C. D. Kelso* and *J. V. Kelso*, for appellant.

*G. H. Hester*, for appellees.

McCABE, J.—The appellant sued the appellee to enjoin a judgment alleged to have been recovered by appellee against appellant before a justice of the peace.

An emergency was alleged in the complaint, making it proper for the judge to, and he did, grant an emer-

gency restraining order until a notice could be given appellee and a hearing had for a temporary injunction.

The court in term, after hearing evidence in support of the prayer for such temporary injunction, overruled appellants' motion to continue said restraining order, and dissolved the same, to all of which appellant excepted, has appealed to this court, and assigns those rulings as error.

The appellee has moved to dismiss the appeal on the ground that an appeal will not lie from either of such orders. But we can determine the merits easier than the motion to dismiss the appeal, and as that practically reaches the same result, we adopt that course.

Section 1148, R. S. 1881, provides that "when it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists, etc., * * * in restraining proceedings upon any final order or judgment, an injunction may be granted to restrain such act or proceedings," etc.

It will be observed then, that it is only where it appears by the complaint that the plaintiff is entitled to the relief demanded, etc., in an application for a temporary injunction against a judgment, etc., that it may be granted.

The sole ground on which appellant sought to enjoin the judgment of the justice was that he had tried the case by a jury of twelve, instead of six, as required by section 299, Elliott's Supp.

This was a collateral attack upon the judgment, and it has been settled, by a long line of cases in this court, that for mere error or irregularity in the proceedings and judgment of a court of special and limited jurisdiction, where such court has jurisdiction over the subject of the action and the parties, the judgment can not be collaterally attacked for such error or irregularity any more

than if the court was one of general jurisdiction.   *Argo* v. *Barthand,* 80 Ind. 63; *Stoddard* v. *Johnson, Treas.,* 75 Ind. 20; *Hume* v. *Little Flat Rock, etc.,Ass'n,* 72 Ind. 499; *Goddard* v. *Stockman,* 74 Ind. 400; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Miller,Treas., etc.,*v. *Porter,* 71 Ind. 521; *Porter* v. *Stout,* 73 Ind. 3; *Houk* v. *Barthold,* 73 Ind. 21; *Featherston* v. *Small,* 77 Ind. 143; *Board, etc.,* v. *Hall,* 70 Ind. 469.

It was even held that a judgment rendered by a justice of the peace was not void when collaterally attacked, though the parties thereto were akin to him, both plaintiffs and defendants, within the sixth degree of consanguinity, in *Harbaugh* v. *Albertson,* 102 Ind. 69; and yet section 1433, R. S. 1881, provides that "No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."

The error or irregularity of trying a case by a jury of twelve, instead of six, it would seem, ought not to affect the validity of the justice's judgment on a collateral attack any more than, if as much as, his blood relationship to the parties, or any of them.

We are of opinion that the judgment of the justice on the collateral attack made in the complaint for an injunction, on the ground that the justice tried the case by a jury of twelve, instead of six, that being the sole ground of attack, was not void for that reason, and hence it did not appear from the complaint that appellant was entitled to the relief demanded, and, therefore, the court below did not err in refusing to continue, and in dissolving the injunction.

The judgment is affirmed.

Filed May 23, 1893.

### ON PETITION FOR A REHEARING.

McCABE, C. J.—Appellant asks for a rehearing, because, as is claimed, we failed to decide whether the Legislature had power to limit the number of jurors in a civil case before a justice of the peace to six, and failed to say, in our opinion, whether or not a trial had over a party's objection and exception with a jury of twelve instead of six, as provided by statute, was void, and whether a verdict for damages in favor of a defendant in replevin was void. We expressly held that a trial before a justice of the peace in a civil case with a jury of twelve , instead of six, was an irregularity, and, therefore, an error; that, plainly implied, we were of opinion that the act referred to, providing for such a trial by a jury of six, was a valid enactment.

It is not easy to understand what counsel mean in the last two points, whether a trial had over a party's objection and exception with a jury of twelve, instead of six, is void or not. This being an attempt to enjoin the judgment for that cause, the question presented was whether the judgment was void or not, and not whether any of the proceedings leading up to the judgment were irregular or void. So long as the irregularity did not deprive the court of jurisdiction over the subject or the parties, its judgment, though the proceedings leading up to it, and the judgment itself, were erroneous, nevertheless, if jurisdiction remained, it would not be void. It does the appellant no good, in this case, to show that it objected to a trial by twelve jurors, instead of six, and took his exceptions. An exception before a justice of the peace is of no avail, because, on appeal, the whole case is tried *de novo*, and final judgment rendered in the appellate court, without any regard to any error committed upon the trial before the justice.

But if prejudicial errors in the proceedings leading up

to the judgment, or in the judgment itself, before a justice of the peace, have been committed, which do not affect the jurisdiction over the subject or parties, the only remedy is by appeal to a higher court, where the case can be tried *de novo*, and where, on such trial, such errors can be avoided.

If a party against whom such errors may have been committed sees fit not to so appeal from the justice's judgment, he must be deemed to have waived all such errors. And if, instead of so appealing, he seeks to enjoin the judgment, he stands in no better attitude than if he had consented to each and every one of the irregularities complained of.

The statute providing for a jury of six also provides that, by consent, a jury may be composed of less than six. We know of no reason why the parties might not agree to a jury of more than six.

But even if this is not true, and, notwithstanding such agreement, the jury would not be a legal jury, it would amount only to an error in the proceedings, not affecting the jurisdiction. The same is true as to the supposed error or invalidity of the verdict assessing damages in favor of the defendant in replevin. Whether such a verdict is erroneous or not, or even void, is not material to inquire, and we did not before, and do not now, decide whether such a verdict is proper or not, because it does not affect the question of jurisdiction, and therefore is not before us.

If the justice's court had jurisdiction of the subject of the action and the parties, and we so held in our opinion and now hold that it had, the intervening errors did not make the judgment void, and, unless the judgment was void, the suit to enjoin it can not be maintained.

Petition overruled.

Filed Nov. 2, 1893.