## FLETCHER v. BARTON.

[No. 8,519.  Filed March 10, 1915.]

1. JUSTICES OF THE PEACE.—*Jurisdiction.*—*Complaint.*—A complaint to enjoin the sale of plaintiff's property on execution issued on a default judgment taken before a justice of the peace, affirmatively showing that the action in which the judgment was rendered was on account for $159 and that plaintiff had appeared to the action and taken a change of venue to the justice by whom the judgment was rendered, showed jurisdiction of both the person and the subject-matter and was therefore insufficient to entitle plaintiff to relief on the ground that the justice's judgment entry did not show that any summons was issued.  p. 235.

2. JUSTICES OF THE PEACE.—*Judgment.*—*Validity.*—*"Recover".*— Under §1863 Burns 1914, §1571 R. S. 1881, providing that no judgment of a justice of the peace shall be invalid for want of form if it contains the substance, a judgment that "plaintiff have judgment against the defendant", etc., was not void for failure to contain the word "recover"; such failure being at most a mere irregularity.  p. 236.

3. JUDGMENT.—*Collateral Attack.*—*Action to Enjoin Sale on Execution.*—An action to enjoin the sale of property on execution issued on a judgment taken before a justice of the peace, on the ground that the judgment entry did not show that any summons

was issued, and did not contain the word "recover" is in effect a collateral attack on such judgment and will not lie unless the same was absolutely void on its face.   p. 236.

4.   JUDGMENT.—*Equitable Relief from Void Judgment.—Meritorious Defense.*—Equitable relief from a judgment void upon its face will not be granted in the absence of averments showing that the applicant for such relief has a meritorious defense. p. 236.

5.   INJUNCTION.—*"Temporary Injunction."—"Temporary Restraining Order."—Appeal.*—A temporary injunction issues only after notice and hearing, and under §1392 Burns 1914, Acts 1907 p. 237, an appeal will lie from an interlocutory order granting or dissolving a temporary injunction; but a temporary restraining order issues without notice or hearing on the showing of an emergency, and no appeal lies from such order or from an interlocutory order vacating the same; hence where it appears from the whole record that the term "temporary injunction" inadvertently was used instead of "temporary restraining order", and that the order appealed from was in fact an order dissolving a temporary restraining order, a dismissal of the appeal is required.   p. 236.

6.   INJUNCTION.—*Interlocutory Order.—Appeal.*—Jurisdiction in an appeal from an interlocutory order granting or dissolving a temporary injunction, is in the Supreme Court, and the appeal must be perfected under §§688, 689 Burns 1914, §§647, 648 R. S. 1881; hence an appeal to the Appellate Court from what purports to be such an order, and which appears not to have been perfected within the statutory period, must be dismissed.   p. 239.

From Probate Court of Marion County (687); *Frank B. Ross*, Judge.

Action by Horace H. Fletcher against Daniel Barton. From an order dissolving a temporary restraining order, the plaintiff appeals.   *Appeal dismissed.*

*Barrett & Barrett*, for appellant.

*Ira M. Holmes*, for appellee.

HOTTEL, C. J.—This is a proceeding brought by appellant against appellee in the Probate Court of Marion County, wherein appellant sought to enjoin appellee from selling appellant's automobile on execution.

So far as the averments of the complaint show, such execution was regular in form and valid on its face.   The com-

plaint seems to be based on the theory that the justice,
1.  who rendered the judgment on which the execution
was issued, acquired no jurisdiction of the defendant
and that such judgment appears on its face to be void.
The complaint affirmatively shows that the suit in which
such judgment was rendered was an action on account for
$159, filed against appellant before John F. Manning, J P.,
by "B. C. Huetter and J. A. Huetter, doing business under
the firm name and style of Huetter Machine & Tool Com-
pany"; that the defendant (appellant here) "appeared
to said action and filed his affidavit and motion for change
of venue of said cause."

The complaint also sets out the justice's docket entry
which included the rendition of the judgment and is as
follows:

"State of Indiana, Marion County, SS:
    J. A. Huetter, B. C. Huetter, partners under style
firm name of Huetter Machine and Tool Company. vs.
Horace H. Fletcher.   Before Criss Gass, J. P.   Pike
Township, Marion County, Indiana.   On change of
venue from John F. Manning, J. P., Center Township.
Received papers and filed this 12 of November, 1911,
set for hearing the 28th day of November, 1911, day
and hour having arrived to be heard the defendant
three times called came not.   The court after hearing
part of the evidence rendered judgment against the
defendant in the sum of one hundred fifty-nine dol-
lars ($159.00) by default and costs taxed at $6.65 and
accruing costs.   Be it therefore adjudged that the plain-
tiff have judgment against the defendant Horace H.
Fletcher in the sum of one hundred fifty-nine dollars
($159.00) and costs taxed at 6.65.   Criss Gass, J. P."

It appears from these averments of the complaint that the
justice rendering such judgment had both jurisdiction of
the person of the defendant and the subject-matter of the
action.   Appellant contends that such judgment entry is
void because it fails to show that any summons was issued
for the defendant and does not contain the word "recover",
or its equivalent.   The first contention is without merit be-

cause the averments of the complaint above indicated show appellant's appearance to said action and the filing of an affidavit for a change of venue. *Louisville, etc., R. Co.* v. *Hagen* (1882), 87 Ind. 30, 32, 33. The failure of the

2. justice to use the word, "recover", would at most be an irregularity in form which would not render the judgment void. Section 1863 Burns 1914, §1571 R. S. 1881, expressly provides that "no writ or judgment" of a justice "shall be invalid for want of form if it contains the substance." See, also, *Fruits* v. *Elmore* (1893), 8 Ind. App. 278, 280, 34 N. E. 829. The effect of appel-

3. lant's proceeding in this case is to attack collaterally the judgment on which the execution in question issued, and such a proceeding will not lie unless the judgment attacked is absolutely void on its face. *Schilling* v. *Quinn* (1912), 178 Ind. 443, 446, 99 N. E. 740, and cases cited; *Fruits* v. *Elmore, supra; Benbow* v. *Studebaker* (1912), 51 Ind. App. 450 456, 99 N. E. 1033; *Rhodes-Burford Furn. Co.* v. *Mattox* (1893), 135 Ind. 372, 373, 376, 34 N. E. 326, 35 N. E. 11. We might add that appel-

4. lant's complaint contains no averments showing a meritorious defense to the judgment on which the execution issued and in such case "a court of equity will not grant relief, even where the judgment is void on its face." *Schilling* v. *Quinn, supra,* 447, and cases cited.

We have indicated enough to show that a decision of this case on its merits would require an affirmance of the judgment below. However, the errors assigned by appel-

5. lant and the record as it comes to us requires a dismissal of the appeal rather than an affirmance of such judgment. The record affecting the question attempted to be presented by the appeal is as follows: The appellant filed his verified complaint and tendered therewith an undertaking and moved the court for a temporary restraining order, whereupon the court approved the bond and after

hearing the evidence and being fully advised in the premises found "that an emergency exists for the issuance of a temporary restraining order herein and the plaintiff's motion is sustained," and "ordered adjudged and decreed  *  *  * that the defendant be and hereby  *  *  *  is restrained and enjoined from selling or attempting to sell one Oldsmobile taken by him as the property of the plaintiff herein and this order shall be and remain in force until the further order of the court and the further hearing of this cause is set for September 6, 1912, at the court house in Indianapolis, Indiana." An entry of October 21, 1912, being the thirteenth judicial day of the October term, 1912, of said court, omitting caption and formal parts of motion, is as follows: "Comes now the defendant, Daniel Barton and moves the court to dissolve the temporary restraining order heretofore granted against him in this cause, for the reason that the complaint does not state facts sufficient to constitute a cause of action against him. The complaint shows on its face that the plaintiff has an adequate remedy at law." The entry showing the ruling on this motion is as follows:

"Comes now the parties and this cause coming on for hearing on the defendant's motion to dissolve the temporary injunction heretofore granted, this cause is now submitted to the court upon affidavit, and the court, being fully advised in the premises, now sustains said motion, and the temporary injunction heretofore granted in this cause is now dissolved and declared for naught. It is, therefore, considered and adjudged by the court that the defendant's motion to dissolve the temporary injunction heretofore granted in this cause, is sustained and the temporary injunction is dissolved and in all things declared for naught. To which ruling of the court in sustaining said motion and the ruling and judgment of the court in dissolving said temporary injunction the plaintiff objected and excepted at the time and prayed an appeal to the Appellate Court, which appeal is by the court granted upon the plaintiff filing an appeal bond within fifteen days in the sum of five

hundred dollars with Calvin I. Fletcher as surety, and the plaintiff asked and was granted twenty days' time in which to prepare and file a bill of exceptions.''

Appellant assigns errors in this court as follows: ''1. That the Probate Court of Marion County, Indiana, erred in dissolving the temporary restraining order issued in said cause. 2. That the Probate Court of Marion County, Indiana, erred in sustaining the motion of the appellee to dissolve the temporary restraining order issued in said cause and erred in rendering judgment on said motion dissolving such restraining order.''

It will be observed that some confusion appears in the record entries on account of the use of the words, *"temporary injunction"* where *"temporary restraining order"* was intended. Subdivision 17, §1392 Burns 1914, Acts 1907 p. 237, provides for appeals from ''interlocutory orders granting or dissolving, or overruling motions to dissolve *temporary injunctions.''* (Our italics.) The infallible distinction between a temporary restraining order and a temporary injunction is that the former issues without notice on a showing of emergency and the latter issues only after notice and hearing. In the instant case, the court found that the emergency existed and without notice granted the appellee the temporary restraining order. This was the only order made in the case prior to the ruling on appellee's motion. The court's ruling was predicated on this motion and the entry in connection with such ruling so shows, and further shows a dissolution of the *"temporary injunction theretofore granted.''* The court had never, in fact, granted a ''temporary injunction'' in the case. It is manifest from the record when considered in its entirety that the words *"temporary injunction"* used by the court in its ruling on said motion was intended for *"temporary restraining order".* ''An interlocutory order * * * vacating a temporary restraining order theretofore issued is unappealable.'' *Terre Haute, etc., R. Co.* v. *St. Joseph, etc., R. Co.* (1900),

Fletcher *v.* Barton—58 Ind. App. 233.

155 Ind. 27, 30, 57 N. E. 530, and authorities cited. The case just cited is peculiarly applicable to the facts presented by the record in the instant case.

The record shows no final judgment from which an appeal can be taken and the appeal must therefore be dismissed. We might add in this connection that, if the appeal

6. is one from an interlocutory order granting a temporary injunction under subd. 17, §1392, *supra,* jurisdiction thereof would be in the Supreme Court. In such cases the appeal must be perfected under §§688, 689 Burns 1914, §§647, 648 R. S. 1881, which require that all the steps of an appeal from such an order, including the filing of the transcript in the appellate court must be perfected during the term of the court at which the order appealed from is made. *Shedd* v. *American Maize, etc., Co.* (1910), 175 Ind. 86, 93 N. E. 447, and cases cited. The terms of the Probate Court of Marion County correspond with each of the several months of the year, July and August excepted. §1612 Burns 1914, Acts 1907 p. 240. The order from which this appeal was taken was made at the October term of such court, viz., on October 29, 1912. The transcript of the record on appeal was not filed in this court until November 30, 1912. Hence, if it be conceded that the appeal is from an order dissolving a temporary injunction it has not been perfected according to the provisions of §§688, 689, *supra.* It follows that such appeal must, in any event, be dismissed. Appeal dismissed.

NOTE.—Reported in 108 N. E. 137. As to docketing of judgments by justices of the peace, see 40 Am. Dec. 386. What is direct as distinguished from collateral attack on judgment, see Ann. Cas. 1914 B 82. See, also, under (1) 24 Cyc. 526, 607; (2) 24 Cyc. 600; (3) 24 Cyc. 608; 23 Cyc. 1065, 1070; (4) 23 Cyc. 1039; (5) 2 Cyc. 598; 22 Cyc. 745; (6) 11 Cyc. 816; 3 Cyc. 189.