INDIANA SUBURBAN SEWERS, INC.; SUBURBAN SERVICES, INC. *v.* ROBERT D. HANSON, CLERK OF THE ALLEN CIRCUIT COURT; ROBERT A. BENDER, SHERIFF OF ALLEN COUNTY, INDIANA.

[No. 3-1273A161. Filed September 29, 1975. Rehearing denied December 19, 1975. Transfer denied June 19, 1976.]

*Donald F. Strutz,* Fort Wayne; *Arthur H. Gemmer,* Indianapolis, for appellants.

*Harry W. Scott,* Allen County Attorney, Fort Wayne; *Thomas E. Ruzzo,* Chief Deputy Allen County Attorney, Fort Wayne, for appellees.

GARRARD, J.—Appellants (Suburban) brought suit against the Allen County Sheriff and County Clerk seeking to enjoin a mortgage foreclosure sale. Appeal is taken from a summary judgment in favor of the defendants.

The record discloses the following background. On April 26, 1972, American Fletcher National Bank brought suit in Allen County against Suburban to foreclose a mortgage on

Suburban's public utility property in Allen County. John Dehner, Inc., another mortgagee, was made a party to answer to its interest. It cross-complained to foreclose its mortgage.

On December 20, 1972, judgment was entered against Suburban on both claims, and the mortgages were foreclosed. The bank then filed a praecipe to secure execution of its judgment and on January 22, 1973, the order of sale was certified to the sheriff. Sale was set for February 28, 1973, and notice was published. On February 8, Suburban filed a TR. 60(B) motion alleging, among other things, that the execution issued was in violation of the six-month waiting period prescribed by Ind. Ann. Stat. § 3-1801 [IC 1971, 32-8-16-1 (Burns Code Ed.)]. That motion was denied. The case was subsequently appealed to the Court of Appeals as Cause No. 3-673 A 74. That appeal was dismissed. It does not appear that Suburban ever sought a stay of execution in those proceedings.

On February 27, 1973, Suburban instituted this action seeking to enjoin the clerk and sheriff from proceeding with the foreclosure sale on the ground that the sale would be in violation of the six-month waiting period provided by Ind. Ann. Stat. § 3-1801.

Upon filing its complaint in this action, Suburban secured a temporary restraining order. The next day (the date scheduled for the sale) the defendants moved to dissolve the restraining order. Suburban asserts error in the failure of the court to provide it with two days' advance notice of any hearing upon that petition.

TR. 65(B)(2) provides in part:

> "On two [2] days' notice to the party who obtained the temporary restraining order without notice *or on such shorter notice to that party as the court may prescribe,* the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice required." (Emphasis Supplied)

The court was aware of the unique character of the mortgaged property. If the sale was not to be held that date, it would have to be readvertised with consequent delay. The court was also aware of the ruling in the foreclosure case denying Suburban's TR. 60 motion and the lack of any proceedings to stay execution in that case. The record reflects that the court elected to exercise its discretion under TR. 65 (B) (2) and set the matter for prompt hearing. It caused Suburban's counsel to be notified by telephone to appear. After waiting two hours for the appearance of Suburban's counsel, and being advised that counsel did not intend to appear, the court proceeded to hearing. We find the court did not abuse its discretion in so proceeding. In addition, any potential error was rendered moot by the subsequent proceedings.

The defendants filed a motion to dismiss pursuant to Rule TR. 12 (B), which was denied by the court. Suburban then petitioned the court to reconsider its action and treat the motion as one for summary judgment. The court granted the petition and gave the parties time to file responses, affidavits, etc. (In the time before hearing, the defendants also filed a formal motion for summary judgment.)

Suburban now asserts that the court was bound by its initial determination on the motion to dismiss and was thereby precluded from granting summary judgment for the defendants. In support of this contention Suburban cites *Munson Lines, Inc.* v. *Green* (S.D.N.Y. 1947), 6 F.R.D. 470 and *Michel* v. *Meier* (W.D. Pa. 1948), 8 F.R.D. 464.

We think the reliance misplaced. In *Munson* the court held that the filing of a motion for summary judgment supported only by an affidavit which supplied no admissible facts was sufficient to invoke the sanction for reimbursement of expenses under Rule 56, Federal Rules of Procedure, where the same question had already been decided on the movant's Rule 12 (B) (6) motion. In

*Michel* the court noted that a ruling on a Rule 12(B)(6) motion might bar consideration of the same matter if asserted again under Rule 56. The court then held that since the Rule 12(B)(6) motion in the case before it had been withdrawn, it was free to consider the application for summary judgment.

While we do not quarrel with the decision in *Munson,* it is helpful to recall the difference between motions pursuant to TR. 12(B)(6) and TR. 56. A motion under TR. 12(B) generally raises a matter in abatement. Even under TR. 12(B)(6), where the assertion is insufficient facts to state a claim, the motion does not in theory deny the existence of a claim. Instead it asserts that the *pleadings* are insufficient to establish one. Summary judgment, on the other hand, seeks to assert nonclaim upon a consideration of the undisputed facts.[1] Thus, it is entirely possible that a plaintiff's complaint may be sufficient to withstand a TR. 12(B)(6) motion and yet, upon the basis of affidavits, depositions, etc., summary judgment may be appropriate. *See* discussion generally, 10 *Wright & Miller: Federal Practice & Procedure,* § 2713.

Furthermore, the Indiana law is well established regarding the trial court's ability to reconsider its rulings on motions while the case remains *in fieri. City of East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N.E. 2d 588; *Metropolitan Dev. Comm.* v. *Newlon* (1973), 156 Ind. App. 464, 297 N.E.2d 483.

There was no error in the grant of summary judgment upon this ground.

We turn then to the summary judgment.

The pleadings on file clearly establish that Suburban's suit is against the clerk and sheriff in their representative ca-

---

1. Where summary judgment is requested upon the basis of the pleadings alone it is functionally the same as a motion to dismiss. The point remains that summary judgment is not *per se* excluded by prior consideration of a motion to dismiss

pacities and seeks to enjoin the performance of their official duties under the order of the court in the foreclosure action. The action is an attempted collateral attack upon the judgment and order of sale entered in the foreclosure proceeding. Accordingly, our determination is limited to ascertaining whether the order was void for want of jurisdiction. Any other error in the foreclosure case was beyond the court's consideration in this action. *State* v. *Bridwell* (1960), 241 Ind. 135, 170 N.E.2d 233; *Fletcher* v. *Barton* (1915), 58 Ind. App. 233, 108 N.E. 137; *see, also,* *State* v. *Marion Cir. Ct.* (1959), 239 Ind. 327, 157 N.E.2d 481; *State ex rel. Allman* v. *Grant Sup. Ct.* (1939), 215 Ind. 249, 19 N.E.2d 467; *State ex rel. Harkness* v. *Gleason* (1918), 187 Ind. 297, 119 N.E. 9.

In the foreclosure action the court had personal jurisdiction of the parties and the mortgaged property was located in Allen County. The Allen Superior Court had subject matter jurisdiction of the action to foreclosure a mortgage. IC 1971, 33-5-5.1-4 (Burns Code Ed.); *Noerr* v. *Schmidt* (1898), 151 Ind. 579, 51 N.E. 332.

The statute governing foreclosure sales does provide in part:

"In any proceeding for the foreclosure of any mortgage hereafter executed on real estate, no process shall issue for the execution of any such judgment or decree of sale for a period of six [6] months after the filing of a complaint in any such proceeding. . . ." IC 1971, 32-8-16-1 (Burns Code Ed.)

However, even assuming that an order of sale which violated the statutory proscription would be void and not merely voidable, it does not appear that the court was without jurisdiction in this case. The bank filed its complaint April 26, 1972. It secured judgment on December 20, and pursuant to its sole request, process for execution of the judgment (the order of sale) was issued on January 22,

1973. This was nearly nine months after the complaint was filed. If the order of sale was erroneous in ordering proceeds of the sale also applied to the mortgage of John Dehner, Inc., that error was not jurisdictional and is therefore not available to Suburban in this case. *State* v. *Bridwell, supra.*

Similarly, Suburban's contention that it was error to include its certificate of authority in the sale because the purchaser at the foreclosure sale, the City of Fort Wayne, could not use it, does not demonstrate a lack of jurisdiction on the part of the trial court.

Finally, Suburban asserts there was no notice of sale. The basis for this claim is the contention that the restraining order without notice originally entered by the court in this case voided the notice given in the foreclosure case. It did not, nor did it purport to. It temporarily restrained the defendants from proceeding with the sale. When the restraining order was dissolved, the defendants were entitled, indeed obligated, to proceed with sale pursuant to the order of court in the foreclosure case. Since they were able to proceed in compliance with the notices originally given, there was no need for further notice.

The summary judgment was correct.

Judgment affirmed.

Staton, P.J., concurs in Result; Hoffman, J., concurs.

NOTE.—Reported at 334 N.E.2d 720.