**JACK WARD CHEVROLET, INC.,**
Appellant (Defendant Below),

v.

**Richard F. MIKEL and Dixie L. Mikel,**
Appellees (Plaintiffs Below).

No. 92A04–8705–CV–146.

Court of Appeals of Indiana,
Fourth District.

July 11, 1988.

Richard E. Beers, Beers, Mallers, Backs, Salin & Larmore, Fort Wayne, for appellant.

James S. Butts, Rasor, Harris, Lemon & Reed, Warsaw, for appellees.

CONOVER, Judge.

Defendant–Appellant Jack Ward Chevrolet (Ward) appeals a jury verdict in favor of Richard Mikel (Richard) in the sum of $100,000 and Dixie Mikel (Dixie) in the sum of $400,000.

We affirm.

Restated, the issues presented by this appeal are:

1. whether the trial court erred in denying Ward's motion for judgment on the evidence, and

2. whether there was sufficient evidence to support the finding of an agency relationship.

On August 30, 1984, Jodi Keough (Keough) went to Ward to finalize the purchase of a car. Keough had previously discussed the purchase with Ward representatives and received approval of a loan. She signed several documents, then discussed the need for insurance and license plates with a Ward salesman. She informed the salesman she planned to purchase insurance from Farm Bureau Insurance Company that day. The salesman and Keough agreed she would drive the car to Farm Bureau's office to purchase the insurance, then return to complete the transaction. Because the dealership was out of the usual temporary paper plates, the salesman placed a dealer plate registered to Ward on the car. The salesman informed Keough she would be insured by Ward's insurance policy since the dealer plate was on the automobile.

En route to the insurance company, Keough disregarded a yield sign and drove into the path of the Mikel's motorcycle. As a result, Richard, the driver, was injured

and Dixie, the passenger, sustained severe head injuries and permanent brain damage.

The Mikels filed suit against Keough and Ward for personal injuries suffered by both Richard and Dixie, loss of consortium by Richard, and property damage to the motorcycle.[1] At the close of the Mikels' evidence, Ward moved for judgment on the evidence pursuant to Ind.Rules of Procedure, Trial Rule 50, which the court denied. A jury verdict was rendered in favor of the Mikels and against Ward. The jury, in effect, determined Keough was an agent of Ward and, as such, her negligence was imputed to Ward. Ward now appeals.

■ Ward first argues the trial court erred in refusing to grant its motion for judgment on the evidence. After the court denied the motion, Ward introduced evidence on its own behalf. By presenting its evidence, Ward waived any alleged error regarding the denial of the motion. *State v. Edgman* (1983), Ind.App., 447 N.E.2d 1091, 1100, *trans. denied.*

Ward next argues the evidence was insufficient to support a finding of an agency relationship between Keough and itself and, therefore, Keough's negligence cannot be imputed to Ward. The question of whether Keough was acting as Ward's agent is a question of fact for the jury. *Pierce v. Horvath* (1968), 142 Ind.App. 278, 233 N.E.2d 811, 184, *trans. denied.* If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. We view the evidence in the light most favorable to the appellee. *Indiana Broadcasting Corp. v. Star Stations* (1979), 180 Ind.App. 207, 388 N.E.2d 568, 573.

■ Two elements must be shown to exist before an agency relationship is established:

1) the ability of the principal to control the activities of the agent, and

2) the agreement of the agent to act for or on behalf of the principal.

*Hope Lutheran Church v. Chellew* (1984), Ind.App., 460 N.E.2d 1244, 1247, *trans. denied.* The liability of an automobile owner for injuries caused when the automobile is driven by another need not be predicated on the relationship of principal and agent, in the exact legal sense of those terms, but a relationship of a similar nature is sufficient if the driver was acting for the benefit and under the direction of the owner. *Harper v. Puckett* (1952), 122 Ind.App. 528, 106 N.E.2d 116, 117, *reh. denied.*

■ In the present case, there is sufficient evidence to support the jury's verdict. Because the purchase was not complete, Ward was the owner of the car at the time of the accident. The salesman instructed Keough to drive the car, attached Ward's dealer plates to it, and instructed Keough to return to the dealership after she had purchased her insurance. Keough's actions clearly benefitted Ward. Keough's purchase of insurance was a substantial step in the completion of the sale. Ward retained possession of the car until several days after the accident. Keough did not gain possession of the car until she obtained her insurance one week after the accident. As the appellees point out in their brief, it may be inferred the transaction could not be completed until Keough obtained insurance.

There was sufficient evidence to support the jury's finding of agency. As a result, Keough's negligence may be imputed to Ward.

Affirmed.

MILLER, P.J., and NEAL, J., concur.

1. Jodi Keough is not a party to the present action.