Patricia **HASKELL**, Both as an Individual and as Parent and Natural Guardian of Kimberlee Haskell, a Minor; Norman Lee Haskell, Appellants–Plaintiffs,

v.

**PETERSON PONTIAC GMC TRUCKS f/k/a Richardson Pontiac GMC,** Appellees–Defendants.

No. 75A05–9207–CV–252.

Court of Appeals of Indiana, Fifth District.

March 8, 1993.

Rehearing Denied April 6, 1993.

---

Jack W. Lund, Jack W. Lund, P.C., Gary, for appellants-plaintiffs.

Robert C. Riddell, Thomas R. Schultz, Locke Reynolds Boyd & Weisell, Indianapolis, for appellees-defendants.

RUCKER, Judge.

Plaintiffs–Appellants Patricia Haskell, Kimberlee Haskell and Norman Lee Haskell (the Haskells) appeal the grant of summary judgment in favor of Peterson Pontiac GMC Trucks (Dealership). On March 8, 1988, Dealership sold a car to John Jenkins, Sr. (Jenkins). Approximately one month later John Jenkins, Jr. (Junior), while driving the car purchased by his father, crashed head-on into a car driven by Patricia Haskell. Kimberlee Haskell, Patricia Haskell's minor daughter, was a passenger in the car at the time of the accident.

The Haskells filed a negligence action against Dealership for injuries suffered by Patricia and Kimberlee and loss of consortium by Norman. Dealership filed a motion for summary judgment claiming it was not liable for the Haskells' injuries. The trial court denied the motion. In October 1991, the Haskells filed a motion for summary judgment. After a hearing on the matter, the trial court denied Haskells' motion for summary judgment and entered summary judgment in favor of Dealership. The Haskells appeal presenting several issues for our review which we consolidate and rephrase as: whether the trial court erred in entering summary judgment in favor of Dealership.

We find the trial court did not err and therefore affirm.

The facts reveal on or about March 8, 1988, Jenkins went to Dealership's place of business to purchase an automobile for his son's eighteenth birthday. After an examination and test drive by his son, Jenkins agreed to purchase a 1971 Chevrolet Nova for Four Thousand Dollars ($4,000.00). He signed a retail installment contract which was ultimately sold to a local bank, paid One Thousand Five Hundred Dollars ($1,500.00) as a downpayment, contacted his insurance carrier, and obtained insur-

ance coverage for the car. Dealership provided Jenkins with an interim registration plate which authorized Jenkins to operate the car for a maximum period of twenty-one (21) days or until he could obtain regular registration plates. Jenkins drove the car from the lot without receiving the Certificate of Title. The designated materials reveal Dealership had not received the Certificate of Title from the car's previous owner.

A few weeks thereafter, Jenkins contacted Dealership and asked about the Certificate of Title. He was informed the Certificate would be forwarded to him as soon as possible. In the meantime, Dealership provided Jenkins with a metal dealer plate. Jenkins continued to make timely monthly payments to the bank under terms of the retail installment contract.

During the evening hours of April 16, 1988, Jenkins' son, Junior, was driving the 1971 Nova westbound along Highway 6 in Porter County, Indiana. When Junior became engaged in a speed contest with another vehicle, he lost control of the car, crossed the center line, and struck head-on the car driven by Patricia Haskell. Patricia and Kimberlee Haskell sustained serious and lasting injuries. At the time of the accident, the metal dealer plate was still on the Nova and neither Dealership nor Jenkins had received the Certificate of Title.

In July 1990, the Haskells filed a negligence claim against Dealership. The complaint alleges that Dealership was the owner of the car Junior was driving, that at the time of the collision Junior was acting as an agent of Dealership, and that Dealership directed and authorized Junior to operate the car. Dealership responded by filing a motion to dismiss under Ind.Trial Rule 12(b)(6) asserting the Haskells complaint failed to state a claim upon which relief could be granted. The motion was denied.

Thereafter, Dealership filed a motion for summary judgment which was also denied. Subsequently, the Haskells filed a motion for summary judgment. After a hearing on the matter, the trial court denied the Haskells' motion and entered summary judgment in favor of Dealership. In so doing, the trial court entered an order justifying its reasoning. The Haskells now appeal challenging the entry of summary judgment in favor of Dealership. The Haskells do not appeal the denial of their own motion for summary judgment.

■ When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229. We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding its weight or credibility. All evidence must be construed in favor of the non-moving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Commercial Finance Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149.

■ The Haskells complain the trial court erred in granting summary judgment in favor of Dealership because the same trial court previously denied Dealership's motion for summary judgment based on the same set of uncontested facts. According to the Haskells, the trial court's first ruling on the motion became the law of the case and precluded a subsequent and contrary ruling.[1]

■ The "law of the case" doctrine provides that when an issue is once litigated and decided, the decision becomes and re-

---

1. In a related vein, the Haskells argue they were denied procedural due process because Dealership filed affidavits and depositions six days before a scheduled hearing on the Haskells' motion for summary judgment. Because the Haskells fail to support their due process claim with either cogent argument or citation to authority, the issue is waived. *Santini v. Consoli-*

*dated Rail Corp.* (1987), Ind.App., 505 N.E.2d 832. In any event, we note the trial court may permit affidavits to be opposed by depositions or further affidavits. *See* T.R. 56(E). And the trial court may, for cause shown, alter any time limit set forth in the summary judgment rule. *See* T.R. 56(I).

mains settled and binding on the parties unless successfully challenged on appeal. *Tokash v. Tokash* (1984), Ind.App. 458 N.E.2d 270. However, the doctrine is not a limit on the court's power to revisit a prior decision of its own, rather, it is a discretionary rule of practice. *Christianson v. Colt Indus. Operating Corp.* (1988), 486 U.S. 800, 816, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811, 831.

■ We have long and consistently held a trial court has inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment. *See, McLaughlin v. American Oil Co.* (1979), 181 Ind.App. 356, 391 N.E.2d 864; *Indiana Suburban Sewers, Inc. v. Hanson* (1975), 166 Ind.App. 165, 334 N.E.2d 720; *Metropolitan Development Commission of Marion County v. Newlon* (1973), 156 Ind.App. 464, 297 N.E.2d 483. An order denying a motion for summary judgment is not a final judgment; all issues have not been disposed of and the matter is subject to an ultimate determination by the trier of fact. *Loving v. Ponderosa Systems, Inc.* (1985), Ind., 479 N.E.2d 531. There has been no abuse of discretion here. The trial court did not err in reconsidering its initial order denying Dealership's motion for summary judgment.

The Haskells also complain entry of summary judgment in favor of Dealership was erroneous because the trial court relied upon inappropriate factors in reaching its decision. Specifically, the Haskells direct our attention to the trial court's order indicating that this case involves public policy and becomes more of an equitable issue rather than a legal one. According to the Haskells, the trial court's decision was improperly influenced by evidence the Haskells had received a substantial settlement from Jenkins' insurance carrier.

A trial court's reasoning for entering summary judgment, although unnecessary, is helpful to the litigants and aids our review. *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, *trans. denied.* However, we are not bound by the findings of the trial court and our standard of review is the same as it was for the trial court: whether there was any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Montgomery County Farm Bureau Co-op. Ass'n v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh. denied; see also Delk v. Board of Commissioners of Delaware County* (1987), Ind.App., 503 N.E.2d 436 (In a summary judgment action, the conclusions of law explain the theories on which the trial court relied but they do not change our scope of review.) Thus, the trial court's rationale for its order of summary judgment is not relevant to our review. Rather, our decision is based upon an examination of the T.R. 56(C) materials presented to the trial court.

■ We now address the heart of this case. The Haskells contend the trial court erred in granting summary judgment in favor of Dealership because: (a) there is a dispute of material fact concerning the actual ownership of the 1971 Nova and, (b) there is a dispute of material fact concerning whether Junior was acting as an agent of Dealership at the time of the collision.

The Haskells' argument is premised on the notion that if the car was owned by Dealership at the time of the collision, then Junior's negligence may be imputed to Dealership on various theories of liability including agency and negligent entrustment. Citing *Jack Ward Chevrolet, Inc. v. Mikel* (1988), Ind.App., 525 N.E.2d 349, *trans. denied*, the Haskells contend an owner of a vehicle is liable for the negligent acts of a driver on a theory of "quasi-agency" and that the question of agency is one of fact for the jury.

In *Jack Ward*, the accident victims filed suit against an automobile dealership to recover for injuries sustained in an accident involving a car the dealership had sold. The case proceeded to trial and a jury returned a verdict in favor of the injured victims determining, in effect, that the driver of the car was an agent of the car dealership. On appeal, the car dealership argued the evidence was insufficient to support a finding of an agency relationship.

We disagreed and affirmed the judgment. In so doing we noted that the purchase of the car was not complete and therefore the car dealership was owner of the car at the time of the accident. We also noted the buyer was acting for the benefit of and under the direction of the dealer at the time of the accident. The salesman had directed the buyer to drive the vehicle to the insurance company, purchase insurance, and return to dealer's place of business to complete the sales transaction. *Id.*

Unlike the facts presented in *Jack Ward*, the facts in the case before us reveal the sales transaction was complete before the accident occurred. Here, Jenkins signed a retail installment contract which was ultimately sold to a local bank, paid Dealership One Thousand Five Hundred Dollars ($1,500.00) as a down payment, and contacted his insurance carrier and obtained insurance coverage before removing the car from the lot.

We disagree with the Haskells that the transaction in this case was not complete unless and until the Certificate of Title came into the hands of Dealership. To the contrary, the named title holder of the car is not dispositive of who actually owns the car. As noted in *Royal Indemnity Ins. Co. v. Shue* (1962), 134 Ind.App. 322, 182 N.E.2d 796, a dealer's failure to provide a buyer with the Certificate of Title immediately after the sale does not affect the transfer of ownership to the buyer if there is other probative evidence the sale has been completed. *Royal*, 182 N.E.2d at 799. Nor, does retention of the metal dealer plate affect the transfer of ownership. *Id.;* see also, *Ellis v. Weger* (1990), Ind.App., 550 N.E.2d 1347 (citing *Royal* with approval).

In this case, there was nothing left to be done to transfer ownership of the car to Jenkins except for placing title in his name. Under these circumstances the sale was complete and Jenkins owned the 1971 Nova at the time of the collision causing the Haskells' injuries.

The Haskells counter Dealership's liability need not be predicated on the relationship of principal and agent, in the exact legal sense of those terms. In advancing this argument, the Haskells seize upon language in *Ward, supra,* indicating the liability of an automobile owner for injuries caused when the automobile is driven by another need not be based on a strict showing of a principal and agent relationship. Rather, a relationship of a similar nature is sufficient if the driver was "acting for the benefit and under the direction of the owner." *Ward*, 525 N.E.2d at 350. In support, the Haskells direct our attention to evidence suggesting Junior was acting for the benefit and under the direction of Dealership. According to the Haskells, this evidence demonstrated Junior's "quasi-agency" status. *Appellants' Reply Brief* at 19.

The Haskells' position is based on the premise that Dealership owned the 1971 Nova at the time of the accident. We have already determined Dealership was not the owner of the automobile driven by Junior. Thus, the Haskells reliance on the "quasi-agency" language in *Ward* is misplaced. Rather, the Haskells have the burden of demonstrating (1) the ability of the Dealership to control the activities of Junior, and (2) an *agreement* of Junior to act for and on behalf of the Dealership. *See Sutton v. Sanders* (1990), Ind.App., 556 N.E.2d 1362. In this case, the designated materials presented to the trial court do not demonstrate the existence of an agency relationship between Junior and Dealership. The Haskells failed to carry their burden.

For the foregoing reasons, the trial court did not err in entering summary judgment in favor of Dealership.

Judgment affirmed.

BARTEAU and HOFFMAN, JJ., concur.