See also 626 N.E.2d 533.

**ROTEC, DIVISION OF ORBITRON, INC., Appellant–(Third–Party Defendant Below),**

v.

**MURRAY EQUIPMENT, INC., Appellee–(Plaintiff Below),**

and

**C & W Fabricating, Inc., Appellee–(Third–Party Plaintiff Below).**

Nos. 92A03–9212–CV–387, 92A05–9302–CV–051.

Court of Appeals of Indiana, Third District.

Dec. 22, 1993.

Robert J. Palmer, D. Andrew Spalding, May, Oberfell & Lorber, South Bend, for appellant.

John H. Brandt, Thomas J. Galanis, Beckman, Lawson, Sandler, Snyder & Federoff, Fort Wayne, for appellee Murray Equipment, Inc.

Mark W. Baeverstad, Kathleen A. Kilar, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee C & W Fabricating, Inc.

HOFFMAN, Judge.

This is a permissive interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). Two separately filed appeals stemming from the same transaction were consolidated for the convenience of the parties, allowing a single record to be filed for both actions. For purposes of review, the two appeals will be addressed separately. The parties in the action addressed herein are Murray Equipment, Inc. (Murray, Inc.) and C & W Fabricating, Inc. (C & W). C & W is appealing from the trial court's denial of its second motion for summary judgment.

The procedural history and facts pertinent to the appeal disclose that in January 1990, Murray, Inc. filed suit against C & W in Allen Superior Court. The complaint alleged *inter alia* a breach of implied warranties and the defective design and manufacture of 61 stands which were purchased by Murray, Inc. from C & W in January 1988. The stands were purchased to hold 2,500 gallon agricultural chemical tanks sold by Rotec.

C & W filed its initial motion for summary judgment in December 1990. Murray, Inc. filed a memorandum in opposition in February 1991. Summary judgment was denied in March 1991. The trial court

certified the matter for interlocutory appeal. In July 1991, this Court denied C & W's petition for interlocutory appeal.

In November 1991, C & W filed a third-party complaint against Rotec. On Rotec's motion for a change of venue, the cause was venued to Whitley County. On June 12, 1992, C & W again filed for summary judgment against Murray, Inc. Murray, Inc. filed its motion in opposition to summary judgment on July 10, 1992. The trial court denied the motion on October 9, 1992. Pursuant to separate requests by Rotec and C & W, the denial was certified and separate appeals were commenced.

In the appeal between Murray, Inc. and C & W, several issues are raised for review. As a matter of law, one issue is dispositive on appeal: whether C & W could bring successive summary judgment motions on the same facts and law, in different courts, once a change of venue was granted.

The December 1990 summary judgment motion, which was denied by the Allen Superior Court, is substantially the same as the June 1992 motion filed by C & W and denied by the Whitley Circuit Court. Although Ind. Trial Rule 56 does not specifically preclude successive motions for summary judgment, once a trial court has ruled upon a summary judgment motion the proper method to raise the same issues would be a motion for reconsideration. *Cf. McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 119–120 (oral motion for summary judgment at close of evidence treated as request for reconsideration of court's pre-trial denial of summary judgment).

Once an issue is litigated and decided, the "law of the case" doctrine provides that the decision is settled and binding on the parties unless successfully challenged on appeal. *Haskell v. Peterson Pontiac GMC Trucks* (1993), Ind.App., 609 N.E.2d 1160, 1162–1163 (after defendant's summary judgment motion denied, trial court denied plaintiff's subsequent motion for summary judgment and entered summary judgment in favor of defendant on same facts). "However, the doctrine is not a limit on the court's power to revisit a prior decision of its own, rather, it is a discretionary rule of practice." *Id.* at 1163. Inherently, courts have the power to reconsider, vacate, or modify previous orders until the case proceeds to final judgment. *Id.*

While the trial court could reconsider its denial of summary judgment, it does not follow that a party may continually resubmit the same issues to the court and challenge on appeal the second or subsequent consistent ruling on those same issues. Unlike the circumstances in *Haskell*, C & W is appealing from the consistent denial of successive motions for summary judgment based upon the same facts. Further, the ruling has not foreclosed C & W's position on the issues; rather the issues will merely proceed to trial. *See id.* at 1163.

Although C & W did not argue that the matters which were litigated in the Allen Superior Court were held for naught based upon the change of venue, allowing parties to relitigate matters anew after a change of venue would necessarily encourage "forum shopping." The amendment to Ind. Trial Rule 76, effective January 1991, sought in part to discourage any such practice.

For the foregoing reasons, the appeal is dismissed.

Dismissed.

GARRARD and CHEZEM, JJ., concur.