**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN P. DALY**
Golitko & Daly, PC
Carmel, Indiana

ATTORNEY FOR APPELLEE
CAMBRIDGE INVESTMENT, INC.:

**CHRISTOPHER D. CODY**
Hume Smith Geddes Green & Simmons, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
DOLGENCORP INC. d/b/a
DOLLAR GENERAL STORES:

**THOMAS L. DAVIS**
**MAGGIE L. SMITH**
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES DEAN
FOODS COMPANY d/b/a LOUIS TRAUTH
DAIRY, DEAN FOODS OF INDIANA, LLC
d/b/a LOUIS TRAUTH DAIRY, and DEAN
TRANSPORTATION, INC.:

**MICHAEL B. LANGFORD**
**LYNNE D. LIDKE**
**MISTI PRESNELL DeVORE**
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
Indianapolis, Indiana



**FILED**

Feb 28 2012, 9:13 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES E. LONAKER, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) No. 49A02-1107-CT-659 |
| | ) |
| CAMBRIDGE INVESTMENT, INC., | ) |
| DOLGENCORP INC. d/b/a DOLLAR GENERAL | ) |
| STORES, DEAN FOODS COMPANY d/b/a | ) |

LOUIS TRAUTH DAIRY, DEAN FOODS OF      )
INDIANA, LLC d/b/a LOUIS TRAUTH DAIRY,   )
and DEAN TRANSPORTATION, INC.,          )
                                         )
    Appellees-Defendants.               )

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-0701-CT-2423

---

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Julie Vandevender drove her pickup truck out of a shopping center parking lot and collided with a motorcycle driven by James E. Lonaker, injuring him. Lonaker settled his claims with Vandevender and sued the owner/manager of the shopping center and parking lot, the owner of a store near the parking lot exit, and the owner of a truck that was illegally parked in front of that store at the time of the collision. The defendants filed motions for summary judgment. In response to those motions, Lonaker submitted the affidavit of an expert who opined that certain circumstances created by the defendants contributed to the collision between Lonaker and Vandevender. The trial court summarily denied the defendants' summary judgment motions. The defendants deposed Lonaker's expert and learned that his opinions were merely hypothetical. Lonaker then withdrew his expert. This

prompted the defendants to either ask the trial court to reconsider its previous ruling or renew their summary judgment motions, which the trial court granted on the basis that the defendants did not owe a duty to Lonaker and did not proximately cause his injuries.

On appeal, Lonaker argues that the defendants should not have been permitted to renew their summary judgment motions and that the trial court erred in granting those motions because genuine issues of material fact exist regarding whether the defendants owed a duty to Lonaker and whether they proximately caused his injuries. Finding no error, we affirm.

**Facts and Procedural History**

The designated evidence indicates that on June 9, 2006, Vandevender used an ATM in a Noblesville shopping center owned and managed by Cambridge Investment, Inc. ("Cambridge"). She then drove her pickup truck through the shopping center parking lot toward an exit onto Christian Avenue. A Dollar General store was located near the exit, and a Louis Trauth Dairy delivery truck was parked in a no-parking zone in front of the store. Vandevender had to drive around the truck to get into the proper lane to exit the parking lot. She stopped at the exit and looked left, then right, then left again and saw no oncoming traffic in the vicinity.[1] Vandevender began to turn left/east onto Christian Avenue and saw Lonaker's motorcycle traveling west "toward [her] like out of nowhere." Appellant's App. at 142. The two vehicles collided, and Lonaker was injured.

---

[1] Vandevender came to a stop at a slight angle to Christian Avenue, but that did not prevent her from looking to her left; she merely had to "turn [her] head a little harder." Appellant's App. at 93.

Lonaker settled his claims against Vandevender, and he and his wife filed a negligence complaint against several defendants: Cambridge; Dolgencorp Inc., d/b/a Dollar General Stores ("Dollar General"); Dean Foods Company d/b/a Louis Trauth Dairy, Dean Foods of Indiana, LLC d/b/a Louis Trauth Dairy, and Dean Transportation, Inc. (collectively, "Dean");[2] and the City of Noblesville. Lonaker's wife eventually dismissed her claims, and the trial court ultimately granted an unopposed motion for summary judgment filed by the City of Noblesville. The other defendants also filed motions for summary judgment. In response to those motions, Lonaker designated the affidavit of accident reconstructionist Derek Towle, who opined that the following "circumstances were contributing factors to the collision" between Lonaker and Vandevender:

a.      Allowing large delivery trucks to park in the "no parking" zone in front of the Dollar General Store in a lane of travel.

b.      Allowing individuals egress to make left turns onto Christian Avenue from the exit at the southwest corner of the parking lot.

c.      Failing to install any signage whatsoever, including turn instructions, stop bar, or other safety measures at the exit.

d.      Directing parking lot traffic, by painted arrows on the parking lot surface, so that the unsafe exit would likely be used.

e.      Failure to direct delivery drivers to use the rear entrance of the Dollar General Store for deliveries.

f.      If the unsafe exit were to remain open, the failure to direct that right turns only may be made, and/or to install an island to compel traffic to turn right out of the exit created a safety hazard.

---

[2] Dean says, "Although the error was not corrected at the trial court level, the Dean-related defendants were mis-named in Lonaker's complaint. The correct names of the legal entities involved are Dean Dairy Holdings, LLC d/b/a Dean Foods Company of Indiana, LLC and Suiza Dairy Group, LLC d/b/a Louis Trauth Dairy, LLC." Dean's Br. at 1-2 n.1. Dean has not filed a motion to amend the case caption on appeal.

g.  Parking a large dairy truck in the "no parking" zone in front of the
    Dollar General Store very near the exit.

Appellant's App. at 272-73.[3]  Towle further opined that these factors "created a situation

whereby individuals attempting to leave the parking lot were unavoidably distracted, and had

the effect of impairing the driver's ability to apprehend and avoid the traffic coming west

from Greenfield Avenue, resulting in the increased likelihood that a collision would result."

*Id*. at 274.[4]  In October 2008, the trial court summarily denied the defendants' motions for

summary judgment.

In September 2010, the defendants deposed Towle.  Towle admitted that Lonaker's

former counsel had not asked him to state his opinion regarding what actually caused the

accident, but rather to come up with "hazards that may generally exist" in a "hypothetical

situation."  *Id*. at 468.  He also admitted that he did not know the location of the vehicles

involved in the accident and that the aforementioned circumstances were more properly

characterized as "possible" contributing factors to the accident.  *Id*. at 421.  He said that he

did not think that the delivery truck obstructed Vandevender's view and that "[u]ltimately

what caused this crash is she failed to yield the right of way."  *Id*. at 420.

In November 2010, Lonaker's current counsel notified the defendants' counsel that

Towle was being withdrawn "as a testifying expert in this case."  *Id*. at 470.  The defendants

---

[3]  Towle also asserted that a redesign of Christian Avenue contributed to the collision, but that assertion is irrelevant to the defendants in this appeal.

[4]  Greenfield Avenue intersects diagonally with Christian Avenue roughly one block east of the accident site.  Vandevender surmised that Lonaker was traveling north on Greenfield Avenue "out of [her] range of sight" and turned west onto Christian Avenue shortly before the accident.  Appellant's App. at 93.

then either renewed their motions for summary judgment or asked the trial court to reconsider its previous ruling based on Towle's withdrawal. Lonaker objected to the defendants' renewal of their summary judgment motions and filed responses to those motions. After holding a hearing on the motions,[5] on May 6, 2011, the trial court granted the defendants' motions for summary judgment, concluding that they did not owe a duty to Lonaker and did not proximately cause his injuries. Lonaker filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

### I. Renewal of Summary Judgment Motions

Lonaker first contends that the defendants should not have been permitted to renew their summary judgment motions. This Court has said that "[a]lthough Ind. Trial Rule 56 does not specifically preclude successive motions for summary judgment, once a trial court has ruled upon a summary judgment motion the proper method to raise the same issues would be a motion for reconsideration." *Rotec, Div. of Orbitron, Inc. v. Murray Equip, Inc.*, 626 N.E.2d 537, 538 (Ind. Ct. App. 1993). We have also "long and consistently held," however, that a trial court has inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment." *Haskell v. Peterson Pontiac GMC Trucks*, 609 N.E.2d 1160, 1163 (Ind. Ct. App. 1993). "An order denying a motion for

---

[5] Lonaker's counsel included a copy of the hearing transcript in the appellant's appendix in violation of Indiana Appellate Rule 50(F), which says, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

summary judgment is not a final judgment; all issues have not been disposed of and the matter is subject to an ultimate determination by the trier of fact." *Id.*

Here, Cambridge filed a motion to reconsider in accordance with *Rotec*, and the other defendants renewed their summary judgment motions based on Lonaker's withdrawal of Towle's opinion, on which Lonaker had relied in successfully resisting the defendants' initial summary judgment motions. Based on the foregoing, we cannot conclude that the trial court erred in reconsidering its prior summary judgment rulings.[6]

## II. *Summary Judgment Ruling*

Next, Lonaker contends that the trial court erred in granting the defendants' motions for summary judgment. Our standard of review is well settled:

> Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When we review a grant of summary judgment, our standard of review is the same as that of the trial court. We consider only those facts that the parties designated to the trial court. The Court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party.
>
> A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from a grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous. We may affirm the grant of summary judgment upon any basis argued by the parties and supported by the record.

---

[6] Lonaker says, "Appellees[] cited no cases requiring expert testimony in a negligence case such as this. The lack of expert testimony is not fatal to Plaintiff's claim against Appellees." Appellant's Br. at 9. It is not the lack of expert testimony that is fatal to Lonaker's claim, but rather his failure to establish a genuine issue of material fact as to the proximate cause of his injuries.

7

*Breining v. Harkness*, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007) (citations omitted), *trans. denied* (2008).

To prevail on a negligence claim, "a plaintiff must prove: (1) that the defendant owed plaintiff a duty; (2) that it breached the duty; and (3) that plaintiff's injury was proximately caused by the breach." *A.S. v. LaPorte Reg'l Health Sys., Inc.*, 921 N.E.2d 853, 856 (Ind. Ct. App. 2010).

> Summary judgment is rarely appropriate in negligence cases because they are particularly fact sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence. Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim.

*Id*. (citation omitted).

Here, the trial court granted the defendants' summary judgment motions based on its conclusion that they owed no duty to Lonaker and that they did not proximately cause his injuries. For purposes of this opinion, we assume solely for argument's sake that the defendants owed Lonaker a duty and address only the element of proximate cause. "Although proximate cause is generally a question of fact to be determined by the jury, it becomes a question of law when the relevant facts are undisputed and lead to only a single inference or conclusion." *Pope v. Hancock Cnty. Rural Elec. Membership Corp.*, 937 N.E.2d 1242, 1248 (Ind. Ct. App. 2010).

"At a minimum, proximate cause requires that the injury would not have occurred but for the defendant's conduct." *Id*. at 1247 (citation and quotation marks omitted). "There may be more than one proximate cause of an event." *Miller v. Bernard*, 957 N.E.2d 685, 697

(Ind. Ct. App. 2011) (citation and quotation marks omitted). "[C]ausation may not be inferred merely from the existence of an allegedly negligent condition." *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1013 (Ind. Ct. App. 1993). In his complaint, Lonaker alleged that Cambridge "was negligent in respect to traffic control, signage, and safety precautions in the parking area and driving area of the commercial real estate it owned and/or managed which caused or contributed to" his collision with Vandevender. Appellant's App. at 67. He alleged that Dollar General was negligent in allowing "large delivery trucks to park at the curb near the front entrance to the store, in a no-parking area, illegally, blocking and hindering traffic, impeding visibility, and creating an unreasonably dangerous condition for drivers operating their vehicles in the vicinity of the exit onto Christian Avenue." *Id*. at 70.[7] Finally, he alleged that Dean was negligent in that, at the time of the collision, one of its trucks "was illegally parked at the curb in the no-parking area near the front entrance to the Dollar General Store, very near the exit onto Christian Avenue, thereby blocking and hindering traffic, impeding visibility and creating an unreasonably dangerous condition which contributed to the collision." *Id*. at 72.

It is undisputed that Vandevender stopped at the parking lot exit, notwithstanding the absence of any stop bar or stop sign, and had a largely unobstructed view of the traffic in

---

[7] Dollar General asserts that Lonaker "appears to have abandoned any challenge regarding whether Dollar General … proximately caused [his] injuries" by failing to specify and develop a cogent argument regarding its allegedly negligent conduct. Dollar General's Br. at 17. This assertion is well taken, but we choose to address the merits of Lonaker's appeal as to all three defendants.

both directions on Christian Avenue. Appellant's App. at 143.[8] Although Vandevender had to drive around Dean's illegally parked delivery truck in front of the Dollar General store to reach the exit, she said that she was not even aware of the truck until after the accident and that it was "not an obstacle." *Id.* at 146-47, 154. She admitted that she had a duty to yield the right of way to traffic on Christian Avenue and that she failed to yield to Lonaker because she did not see him, possibly because he was on a motorcycle. *Id.* at 149. The only reasonable conclusion that may be drawn from the designated evidence is that Lonaker's injuries were a result of driver error and were not proximately caused by the defendants' conduct. Therefore, we affirm the trial court.

Affirmed.

MAY, J., and BROWN, J., concur.

---

[8] Contrary to Lonaker's assertion, Vandevender did not have to "pull out into the street in order to attempt to see oncoming traffic from both directions." Appellant's Br. at 26. Vandevender said that she was "[p]robably slightly back from the intersection." Appellant's App. at 143. Vandevender acknowledged that a light pole "installed on the sidewalk … would have obstructed [her] vision to some extent to the left," *id.* at 230, but Lonaker does not contend that the light pole actually obstructed her view of his motorcycle or that it was related in any way to the defendants' allegedly negligent conduct.